### E. MOODY *v.* JOHN KYLE.

ASSIGNMENT: ORDER ON PARTICULAR FUND EQUITABLE ASSIGNMENT OF IT.—An order drawn on a particular fund in the hands of the drawee, is *pro tanto* an equitable assignment of the fund to the payee, which will not be defeated by a subsequent assignment of the fund to another.

APPEAL from the Chancery Court of Madison county.   Hon. E. G. Henry, chancellor.

Patrick & Willis entered into an agreement with the Board of Police of Madison county, by which they agreed to erect a courthouse for said county, in the town of Canton, at the sum of $26,428, which was to be paid to the contractors by instalments as the work progressed.   The first instalment of $5000 was to be paid when the building should be ready for plastering.

On the 19th day of January, A.D. 1855, Edwin Moody (who

Moody *v.* Kyle.

was one of the sureties for Patrick & Willis, on their bond to the Board of Police to secure the performance of their contract) and one Charles R. Trigg, contracted with Patrick & Willis to do the brickwork necessary for said building, for the sum of $12,350. The work was to be done according to the terms of the contract of Patrick & Willis with the Board of Police, who were "authorized to pay the said sum of $12,350 to Moody & Trigg, as the work was done, in *pro rata* amount to the whole contract made by Patrick & Willis with the Board of Police."

Patrick & Willis became indebted to John Kyle, the appellee, in the sum of $263 25, for work done by him in hauling materials to be used in the construction of the court-house; and in consideration thereof, they drew an order in favor of Kyle on the Board of Police, by which they directed the board to pay Kyle that sum out of the fifth instalment, when it should become due. This order was dated the 21st of January, A.D. 1856, and was soon thereafter presented to the board and filed with the other orders of like character which were drawn by the contractors; but it was not paid or accepted, for the reason that the work on the building had not then progressed so far as to entitle the contractors to demand payment of the fifth instalment. Of the drawing and filing of this order, it appeared from the proof that Moody had notice before the assignment of the contract of Patrick & Willis to him.

On the 23d day of October, A.D. 1856, Patrick, who had previously purchased the interest of Willis, transferred and assigned all his interest and rights in the contract with the Board of Police to Moody, who thereupon agreed to finish the building according to the terms of the contract of Patrick & Willis. Moody, in pursuance of this assignment, completed the building so far as, by the terms of the contract, it was necessary to entitle the contractors to the fifth instalment, which sum Moody then claimed the exclusive right to receive, in virtue of the sub-contract of the 19th of January, A.D. 1855, and of the assignment by Patrick.

Kyle filed this bill for the purpose of enforcing the payment of the order to him. The chancellor decreed in his favor, and Moody appealed.

*Freeman* and *Dixon,* for appellant,
Filed no brief.

Moody v. Kyle.

*Davis* and *Hill*, for appellee.

1. The order in favor of Kyle is *pro tanto* an assignment of the fund out of which it was directed to be paid to Kyle. 2 Lead. Cases in Equity, 231, 232; *Demarest* v. *Willard*, 8 Cowen, 206; 3 Johns. R. 71.

2. The equitable assignment in favor of Kyle could not be de-feated by the subsequent assignment to Moody. *Niagara Bank* v. *Roosevelt*, 9 Cow. 409; *Chamberlain* v. *Day*, 3 Cow. 353; 20 Johns. R. 144; *Bank of Niagara* v. *McCracken*, 18 Ib. 493; 3 Ib. 425; 4 Ib. 403; 12 Ib. 343; 16 Ib. 51; 19 Ib. 95.

3. The sub-contract of Moody & Trigg was not an assignment of any sum due by the Board of Police to Patrick & Willis.

SMITH, C. J., delivered the opinion of the court.

This was a bill filed in the Chancery Court for Madison county, by John Kyle, against Edwin Moody and the Board of Police for said county. A decree was rendered for the complainant, and the defendant, Moody, appealed.

It appears, from the record, that Patrick & Willis entered into a written contract with the Board of Police, of Madison county, by which they bound themselves to erect, according to the plan specified and agreed upon, a court-house for said county, in the town of Canton. By the agreement, they were to be paid for their work in instalments, to be due at specified stages in the progress of the undertaking. The fifth instalment, for $5000, was to be paid when the building was so far advanced as to be ready for plastering.

On the 19th of January, 1855, said Moody and Chas. R. Trigg, contracted with Patrick & Willis, to do certain portions of the work agreeably to the stipulations of the agreement of Patrick & Willis with the Board of Police. By this contract, Moody & Trigg were to receive a stipulated sum in payment for their labor and the ma-terials which they were to furnish,—the payment to be made "in accordance with the terms of the contract" of Patrick & Willis with the Board of Police, who were authorized to pay Moody & Trigg the amounts to which they would thus be entitled as the work progressed.

Patrick & Willis were indebted to the appellee for hauling lumber,

Moody v. Kyle.

used in the construction of the building; and, on the 21st of January, 1856, drew in his favor upon the Board of Police for $263 25, requesting that sum to be paid him out of the fifth instalment, or the sum to which they would be entitled, when the building was ready to receive the plastering. The order was presented to the Board, and filed as a memorandum, but was not paid or accepted, for the reason that the drawees were then not entitled to receive the fund out of which it was directed to be paid.

Subsequently Willis transferred his interest in the contract, with the Board of Police, to Patrick; and Patrick, on the 23d of October, 1856, transferred and assigned all his interest and rights under the same to Moody, who thereupon agreed and bound himself to perform the contract of Patrick & Willis with the Board of Police. Moody prosecuted the work, in conformity with the terms of that contract, which being progressed with to the stage at which the fifth instalment was payable, claimed in virtue of the sub-contract of the 19th of January, 1855, and as assignee of Patrick, exclusive title to the whole amount then due.

The object of the bill was to restrain payment to Moody, and to compel an application of a sufficient amount out of the fund to satisfy complainant's demand.

No doubt exists as to the effect of the order of the 21st January, 1856. The Board of Police stood upon the terms of their contract with Patrick & Willis, who were the only parties legally entitled to demand from the Board a compliance with its stipulations. So far as Patrick & Willis were interested, their order was, in equity, an assignment, *pro tanto*, of the fund out of which it was to be paid. Whenever they were legally entitled to demand it, the equity of the appellee, as well against the Board of Police as against them, became perfect, unless defeated by some other equity prior in date and of superior dignity.

Moody & Trigg, by virtue of the sub-contract, itself, acquired no equity in, much less a lien upon the fund. If they acquired either, it was by acts *ex post facto*, by furnishing materials, and by their labor bestowed in the erection of the building. It does not appear how much of their contract was performed on the 21st of January, 1855, when the order was drawn in favor of the appellee; but, conceding the full extent of any equitable lien which could

arise out of the due performance of their agreement with Patrick & Willis, such lien would attach to only one moiety of the instalment payable when the building was ready for plastering; and, for that reason, constitutes no defence, as the claim of the appellee may be satisfied out of the remainder.

It is, therefore, manifest that, if Moody is entitled, in exclusion of the appellee, to the whole fund, his rights must have arisen under the assignment, which was not made until the fall of 1856, several months subsequent to the order of Patrick & Willis.

There is scarcely a color for this pretence. Moody's object in taking the assignment, was to secure himself against the consequences of a failure on the part of Patrick & Willis to perform their contract with the Board, or to secure the consideration for which they had undertaken the work. In either case he took their position, and occupied the precise relations which they did in reference to the Board, and to all persons who had furnished materials for the building, or contributed by their skill in the prosecution of the work. And the proofs in the cause show, clearly, that when he took the assignment, he had notice of the appellee's claim.

Judgment affirmed.