## Case No. 12,992.

### In re SMITH.

[16 N. B. R. 399; [1] 10 Chi. Leg. News, 86; 5 N. Y. Wkly. Dig. 322.]

District Court, D. Massachusetts. Nov. 10, 1877.

BANKRUPTCY—APPROPRIATION—ORDERS ON FUNDS IN HANDS OF ATTORNEY.

The bankrupt, nearly a year before the petition was filed, left for collection with his attorney a note signed by a third person, and subsequently drew several orders upon him payable out of the proceeds thereof. *Held*, that the

[1] [Reprinted from 16 N. B. R. 399, by permission.]

holders of the orders were entitled to payment out of such proceeds, in preference to the assignee.

The decision of this case was submitted to the court upon a written statement of facts in accordance with Rev. St. § 5011. [E. M.] Smith, the bankrupt, nearly a year before the petition was filed, left for collection with Mr. Field, his attorney, a note signed by a third person, for eight hundred and fifty dollars, and an action was brought upon it, which ripened into a judgment at about the time the bankruptcy took place, which was August 25, 1875. In the meantime, the bankrupt drew several orders upon Mr. Field, some of which were negotiable and some not, requesting him to pay divers sums to the several payees. It was not contended that any of these orders were fraudulent or voidable for want of consideration, or as preference or otherwise. It was the intention of the bankrupt that these orders should be paid from the proceeds of the note when collected by Mr. Field, and he so informed Mr. Field and the payees; and the acceptance was in each instance expressed substantially as follows: "Accepted when collected," or "After collections made over and above the amount of prior acceptance." Mr. Field obtained judgment for the debt and costs, and levied on certain real estate of the judgment debtors, but no money has come to his hands, as the debtors have a right to redeem within a certain time. Soon after the levy, the assignees in bankruptcy of Smith's estate notified his attorney, Field, that they discharged him from the case, tendering him the taxable costs, and offering to pay for his services up to that time. They refused to indemnify him against the acceptances above mentioned, and notified him that they revoked the same; and he declined the tender. Upon these facts, the question submitted was whether the assignees in bankruptcy or the holders of the orders had the better title to the proceeds of the note or of the judgment obtained thereon.

LOWELL, District Judge. I suppose that the aggregate amount of all the orders given by the bankrupt, and conditionally accepted by Mr. Field, will be enough to absorb the net proceeds of the judgment, after deducting the reasonable counsel fees of Mr. Field. If not so, the assignees would, perhaps, have a strict legal right to collect the money, even though the orders may be valid; in which case, they would be trustees for the holders of the orders, to the extent of their several demands, and trustees for the general creditors of Smith, for the remainder. I understand, however, that the question which the parties wish me to decide is whether the orders are valid, and create a change in the proceeds of the judgment against the assignee in bankruptcy; and that the settlement will be readily made by the parties when this is decided. It is the law that an ordinary bill of exchange, like those which pass between merchants, does not operate as an assignment of any funds in the hands of the acceptor. The reasons are: (1) That such a bill is a well-known commercial security which is taken upon the credit of the parties; and (2) the great inconvenience to trade if merchants and bankers were to be held as trustees for the holders of all their acceptances. Harris v. Clark, 3 Comst. [3 N. Y.] 93; Cowperthwaite v. Sheffield, Id. 243; Hopkins v. Beebe, 2 Casey [26 Pa. St.] 85; Thomson v. Simpson, 5 Ch. App. 659.

The supreme court of the United States, and the courts of many of the states where the question has arisen, have applied a similar rule to bank-checks, "that no right to the deposit of the drawer of the check passes to the payee by the signing and delivering of the check. In other states, the bank-check is held to work an assignment. See Bank of Republic v. Millard, 10 Wall. [77 U. S.] 152; Bullard v. Randall, 1 Gray, 605; Dana v. Boston Third Nat. Bank, 13 Allen, 445; Carr v. National Security Bank, 107 Mass. 45; Lunt v. Bank of North America, 49 Barb. 221; Strain v. Gourdin [Case No. 13,521]; In re Smith [Id. 12,990]; and the cases cited in Judge Brown's opinion. The reasons for this rule do not apply to a draft or order which is made payable out of a particular fund. Such a paper is not, strictly speaking, a bill of exchange, and it is well settled that such an order makes an assignment in equity, whether accepted or not. Spain v. Hamilton, 1 Wall. [68 U. S.] 604; Yeates v. Groves, 1 Ves. Jr. 280; Ex parte Alderson, 1 Madd. 53; Ex parte South, 3 Swanst. 392; Diplock v. Hammond, 2 Smale & G. 141, 5 De Gex, M. & G. 320; Cutts v. Perkins, 12 Mass. 206; Robbins v. Bacon, 3 Greenl. 346; Legro v. Staples, 16 Me. 252; Lowery v. Steward, 25 N. Y. 239; Moody v. Kyle, 34 Miss. 506.

Then the only question is, whether these drafts were payable out of the proceeds of this note; and it cannot be doubted that they were. The drafts, as drawn, do not express this fact, but the mode of acceptance does. An agreement for such payment is perfectly good in equity, though made wholly by word of mouth; and therefore the facts found in this case, that the creditors were severally informed that the order was to be paid out of the proceeds of the judgment, would bind the fund, in equity, even if the acceptance had been absolute. It is hardly necessary to say that an assignee in bankruptcy takes the property subject to all equitable as well as legal liens.

My decision, therefore, is that the several holders of the orders are entitled to be paid the amounts of their several acceptances in preference to the assignee in bankruptcy.