UNITED STATES v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Sixth Circuit. February 18, 1909.)

No. 1,796.

1. PENALTIES (§ 40*)—SAFETY APPLIANCE ACT—ACTION—REVIEW.
   An action by the United States against a railroad company to recover the penalty for violation of the safety appliance act of March 2, 1893, c. 196, 27 Stat. 532 (U. S. Comp. St. 1901, p. 3174), is a civil action, and the judgment therein is reviewable at the instance of the United States on writ of error.
   [Ed. Note.—For other cases, see Penalties, Dec. Dig. § 40.*]

2. COURTS (§ 405*)—DISTRICT COURT OF THE UNITED STATES—PROCEDURE—TRIAL WITHOUT JURY.
   There is no authority either at common law or by statute under which the facts in an action at law may be tried by the judge of a District Court of the United States without a jury, and where a case is so tried by stipulation the judgment is not reviewable by the Circuit Court of Appeals.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 405.*]

In Error to the District Court of the United States for the Western District of Kentucky.

For opinion below, see 156 Fed. 195.

George Du Relle, for plaintiff in error.

T. K. Helm, for defendant in error.

Before SEVERENS, Circuit Judge, and KNAPPEN and SANFORD, District Judges.

SEVERENS, Circuit Judge. This is an action of debt brought by the United States in the District Court against the Louisville & Nashville Railroad Company to recover a penalty of $100 for the alleged violation of section 6 of the "Safety Appliance Act" of March 2, 1893 (Act March 2, 1893, c. 196, 27 Stat. 532, as amended by Act April 1, 1896, c. 87, 29 Stat. 85 [U. S. Comp. St. 1901, p. 3175]). The cause of action stated in the petition is that the defendant "hauled a car with interstate traffic over its line of railroad in and about Louisville, in the state of Kentucky, within the jurisdiction of this court, when the coupling and uncoupling apparatus on the 'B' end of said car was out of repair and inoperative, the chain connecting the lock pin or lock block to the uncoupling lever being broken on said end of said car, thus necessitating a man or men going between the ends of the cars to couple or uncouple them, and when said car was not equipped with couplers coupling automatically by impact and which could be uncoupled without the necessity of a man or men going between the ends of the cars, as required by section 2 of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

safety appliance act, as amended by section 1 of the act of March 2, 1903." The defendant pleaded not guilty, and, further answering, made other averments, most of which were stricken out on motion of the district attorney, apparently because supposed irrelevant. Thereupon the attorneys for the parties made and filed a stipulation in writing, as follows:

"It is hereby stipulated that the law and facts of this case may be submitted to the court without the intervention of a jury, and a jury is hereby waived."

The case came on for trial and was heard. The record states that the court "delivered an opinion in writing, which is filed, and pursuant and upon consideration of the testimony heard in this cause, it is found, considered, and adjudged by the court that the defendant, the Louisville & Nashville Railroad Company, is not guilty of the charge and violation of law alleged against it in the plaintiff's petition, and said petition is dismissed for that reason"; and that the court declined to make a special finding of facts. A bill of exceptions was tendered and settled; and from this it appears that upon the trial it was—

"stipulated and agreed by the parties hereto that the facts in this case are as follows:

"Interstate Commerce Commission Inspectors Belknap and Coutts, on March 26, 1907, at Louisville, Kentucky, at 7:55 a. m., inspected C. & O. coal car No. 26,285, on track 13 Water-street yard of the defendant at which time the chain connecting the lock pin or lock block to the uncoupling lever was broken on the 'B' end of the car; to operate this coupler required a man to go between the cars.

"It was inspected and marked by the railroad inspector 'loose lift chain 3-26.'

"Engine 313 of the defendant was used to haul this in this condition to the siding of the Ewald Iron Company at 10:30 a. m., same date.

"This car contained pig iron consigned from the Kelly Nail & Iron Company, Ironton, Ohio, to Ewald Iron Company, Louisville, Kentucky.

"The defendant is a corporation organized and doing business under the laws of the state of Kentucky, and is a common carrier engaged in interstate commerce by railroad.

"It is further stipulated that witnesses for the defense will testify as follows:"

Here follows the testimony of several witnesses by question and answer concerning facts incident to the location of tracks, the inspection of the cars including this one, the time when the defect was discovered, and the measures taken for remedying it.

The plaintiff having brought the case here by a writ of error, the defendant moved to dismiss it upon the grounds:

"(1) That the proceeding is criminal, and the judgment of the District Court is not subject to review.

"(2) That as the District Court tried the case on the facts, without the intervention of a jury, its finding is not subject to review."

The first of these is the only one which can be considered upon the motion to dismiss. The second is presented upon the consideration of the errors assigned, if the writ be not dismissed. Upon the question whether the judgment of the court below is subject to review, we think it is sufficient to refer to the opinion and decision of

this court in the case of United States v. Baltimore & Ohio Southwestern Railway Company, 159 Fed. 33, 86 C. C. A. 223, and especially to what we said at pages 38 and 39 of 159 Fed., page 228 of 86 C. C. A., on petition for rehearing. It being a civil action and not a criminal proceeding, the party complaining of the judgment was entitled to remove the case to this court, as it has done. If, indeed, the violation of this act were a criminal offense, the trial by the judge was a void proceeding, for the Constitution of the United States declares that all such cases shall be tried by a jury. Moreover, the highly important consequence would follow that the government would be concluded by the trial in the District Court. The court has jurisdiction of the process and of the parties and of the subject-matter; that is, of the subject to which the alleged errors relate. The motion to dismiss is therefore overruled.

The difficulty arises when we come to consider the errors assigned. It is found in the facts exhibited by the bill of exceptions. It was competent for the parties, if they saw fit, to waive a jury trial and accept the finding of the court upon the facts, as well as upon the questions of law involved, for if the finding of facts should be general, as it might be, there would be nothing to show any ruling upon a question of law, as there would be in case of a jury trial and the party wished a ruling by the court upon such a question. But the essential fact here is that the parties instead, of trying the case by a method known to the common law or provided by statute, were content to submit it to the determination of one who must necessarily act as an arbitrator, to whose conclusions a writ of error would not lie, that remedy being only available to correct errors in judicial proceedings authorized by law. And there is no law under which the facts may, in a common-law case, be tried by the judge in a District Court. As was pointed out in the case of Rogers v. United States, 141 U. S. 548, 12 Sup. Ct. 91, 35 L. Ed. 853, while there is statutory authority for the trial of causes by the judge upon the law and the facts in the Circuit Court (section 649, Rev. St. [U. S. Comp. St. 1901, p. 525]), no such authority is given to the judge of the District Court in the trial of a civil action. On the contrary, it is expressly declared by section 566, Rev. St. (U. S. Comp. St. 1901, p. 461), that all issues of fact, with the exception of equity and admiralty causes, shall be tried by a jury. In that case there had been a trial by the judge of the District Court, a judgment, a bill of exceptions allowed, and a writ of error to the Circuit Court, where the judgment was affirmed. The case was thereupon taken to the Supreme Court, where, on looking into the record, the court discovered that the case had been tried by the District Judge upon a submission of the cause to him, sitting without a jury. It was thereupon held (as the ruling is condensed in the syllabus) that:

"(1) The Circuit Court could not properly consider any matter raised by the bill of exceptions, nor can this court do so, because the trial was not by a jury nor on an agreed statement of facts.

"(2) All that the Circuit Court could do was to affirm the judgment of the District Court, and all that this court can do is to affirm the judgment of the Circuit Court, as the latter court had jurisdiction and this court has it."

At that time, and until the passage of the act of March 3, 1891 (Act March 3, 1891, c. 517, 26 Stat. 826),[1] creating the Circuit Courts of Appeals, the Circuit Court had appellate jurisdiction of civil suits brought in the District Court under section 633, Rev. St. This appellate jurisdiction was taken away by the operation of the repealing clause of the fourteenth section of the act of March 3, 1891, and the substitution of the Circuit Court of Appeals. But no change has been made in the method of procedure in the District Court or in the appellate jurisdiction, except in this transfer of the latter to the Circuit Court of Appeals. The result is that we have the very question which was determined in the case of Rogers v. United States. It is impossible to see that the mere change of the appellate jurisdiction from the Circuit Court to this court should affect the question we are considering. There has been no decision upon the point by the Supreme Court since the organization of the Circuit Court of Appeals, that we are aware of. But it was presented to the Circuit Court of Appeals for the Eighth Circuit in a recent case, United States v. Cleage, 161 Fed. 85, in which the court, upon a well-considered opinion by Judge Van Devanter, reached the same conclusion as that here indicated as our own.

Without considering any further question, we should affirm the judgment of the District Court, and it is so ordered.