UNITED STATES v. NEW YORK, C. & ST. L. R. CO.

(Circuit Court of Appeals, Second Circuit. March 16, 1909.)

No. 66.

1. CARRIERS (§ 37*) — TRANSPORTATION OF LIVE STOCK—FOOD AND REST—STATUTES—CONSTRUCTION—PENALTY.

Act Cong. June 29, 1906, c. 3594, § 1, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), prohibits a carrier from confining animals longer than 28 consecutive hours without unloading for rest, water, and food, but provides that on the written request of the owner, or person in custody of the particular shipment, the time may be extended to 36 hours, and imposes a penalty for each violation of the act. *Held* that, where several shipments of live stock belonging to different owners are carried in the same train in violation of the act, each shipment, and not the train load, is the integer for the purpose of ascertaining the number of offenses committed.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 37.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PENALTIES (§ 40*)—ACTIONS—RIGHT OF REVIEW—NATURE OF PROCEEDINGS.

   An action against a carrier to recover penalties for violation of Food Rest Act Cong. June 29, 1906, c. 3594, § 1, 34 Stat. 607 (U. S. Comp. St. 1907, p. 918), is civil, though the statute is penal; and hence the government is entitled to have a judgment in such a proceeding reviewed by a writ of error.

   [Ed. Note.—For other cases, see Penalties, Dec. Dig. § 40.*]

In Error to the Circuit Court of the United States for the Western District of New York.

This is a writ of error to review a judgment of the Circuit Court, Western District of New York, which held defendant liable for a penalty of $200 under Act Cong. June 29, 1906, c. 3594, § 1, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), forbidding railroads and certain other carriers from transporting cattle and other live stock confined in cars for a period longer than 28 consecutive hours without unloading. The train whose management was complained of contained shipments by two different owners, and each shipment was assigned as calling for a separate penalty. Violation of the provisions of the statute is admitted. The judge at circuit held that but a single penalty could be imposed for all shipments by the same train, and the government has appealed.

Lyman M. Bass, U. S. Atty., and J. O. Moore, Asst. U. S. Atty.

Hoyt & Spratt (Thomas D. Powell, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Since the decision below the Court of Appeals in the Sixth Circuit has held that each shipment not transported in conformity with the statute constitutes a separate offense. U. S. v. Baltimore & Ohio S. W. R. R., 159 Fed. 33, 86 C. C. A. 223. We concur in its reasoning and conclusion.

Defendant in error also objects that there can be no review of the judgment by the government on the ground that this is a criminal action. This point has been overruled in U. S. v. Baltimore & Ohio S. W. R. R., supra, and in the Circuit Court of Appeals for the Ninth Circuit in Montana Central Ry. v. U. S. (C. C. A.) 164 Fed. 400.

The judgment is reversed.