SOUTHERN PAC. CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   July 6, 1909.)

No. 1,671.

CARRIERS (§ 23*)—TRANSPORTATION OF LIVE STOCK—28-HOUR LAW—VIOLATION —VENUE.
    Since an action against an interstate carrier for violation of the 28-hour law (Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. St. Supp. 1907, p. 918]) is a civil action to recover a penalty, section 4, authorizing such action to be brought in the Circuit or District Court of the United States within the district where the violation may have been committed or the person or corporation resides or carries on business, is not unconstitutional, as a violation of the sixth amendment of the federal Constitution, declaring that in criminal prosecutions the accused shall be entitled to a trial in the district where the crime has been committed.
    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 23.*]

    In Error to the District Court of the United States for the Northern District of California.
    For opinion below, see 162 Fed. 412.

    C. W. Durbrow and Knight & Heggerty, for plaintiff in error.
    Robert T. Devlin, U. S. Atty., and Alfred P. Black, Asst. U. S. Atty.

    Before GILBERT, ROSS, and MORROW, Circuit Judges.

    GILBERT, Circuit Judge.   This action was brought by the defendant in error to recover from the plaintiff in error a penalty for violation of Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918).   In the complaint it was alleged that the plaintiff in error, a common carrier and a lessee of interstate railroads, received a consignment of 1,355 sheep on December 4, 1906, at Corinne, Utah, consigned to South San Francisco, Cal., and that in carrying the sheep to their place of destination the plaintiff in error did knowingly and willfully confine them in its cars, en route between Wells, Nev., and Reno, Nev., a period of 51 hours and 30 minutes consecutively, without unloading them for rest, water, and feeding.   The case presents, in addition to the questions which were discussed in case No. 1,672 (171 Fed. 361), just decided by this court, the question of the jurisdiction of the court below to entertain an action to recover a penalty for a violation of the statute which occurred in the state of Nevada.
    Section 4 of the act permits prosecution of an action in the Circuit Court or District Court held within the district "where the violation may have been committed or the person or corporation resides or carries on its business."   It is not denied that the corporation owns the line of railroad over which the shipment was hauled, nor that its principal offices are in the city and county of San Francisco; but it is urged that to permit the prosecution in any other district than that within which the violation of the act occurred is contrary to the sixth amendment to the Constitution.   If this were a criminal action, the point would be well taken.   But this and other

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

courts have decided that such an action is not a criminal action. Montana Cent. Ry. Co. v. United States (C. C. A.) 164 Fed. 400; United States v. Baltimore & O. S. W. R. Co., 159 Fed. 33, 86 C. C. A. 223; United States v. Sioux City Stock Yards Co. (C. C.) 162 Fed. 556; New York Cent. & H. R. R. Co. v. United States (C. C. A.) 165 Fed. 833; United States v. New York, C. & St. L. R. Co. (C. C. A.) 168 Fed. 699.

The judgment is affirmed.