GRENADA LUMBER COMPANY ET AL. *v.* STATE EX REL. ATTOR-
NEY GENERAL.

[54 South. 8.]

1. CHANCERY COURT. *Jurisdiction—"Civil causes."* Code 1906, *Section*
5004. *Constitution* 1890, *section* 147.

Where the chancery court has taken jurisdiction of an action to
recover the penalties denounced by Code 1906, § 5004, for violation
of the anti-trust law, the supreme court will not reverse on the
ground of want of jurisdiction alone as such action is a "civil"
and not a criminal action within the Constitution 1890, § 147.

2. CODE 1906, SECTION 5004, PENALTIES.

Each and every person violating the provisions of Code 1906, § 5004
is severally liable to the penalties therein imposed for the full
amount of the penalty which the court may see fit to impose, from
the minimum to the maximum fixed by the statute.

3. STATUTE OF LIMITATIONS—"CIVIL CASES."

An action by the state to recover the penalties under Code 1906, §
5004, is a civil action and no statute of limitations runs against
the state in such case.

4. CONSTITUTION OF THE UNITED STATES. *Confiscation. Demurrer.*

Whether the penalties imposed by Code 1906, § 5004, are confiscatory
and therefore violative of the equal protection and due process
clauses of the Fourteenth Amendment of the Constitution of the
United States, cannot be considered on bill and demurrer, where
there is no allegation as to the property owned by the defendant.

APPEAL from the chancery court of Holmes county.
HON. J. F. McCOOL, Chancellor.

Suit by the state, on the relation of the attorney-gen-
eral against the Grenada Lumber Company et al. From
a decree overruling a demurrer to the bill, defendant ap-
peals. The facts are fully stated in the opinion of the
court.

*E. L. Brown, W. H. Powell* and *R. H. Powell,* for appellant.

*S. S. Hudson,* attorney-general, for appellee.

Briefs of counsel on both sides have been lost from the record.

ANDERSON, J., delivered the opinion of the court.

This is a bill in equity by the state, on the relation of the attorney-general, against the appellants, who are retail dealers in lumber, sash, doors, and blinds, to recover the penalty denounced by section 5004, Code 1906, for a violation of the anti-trust laws of this state. The appellants interposed a demurrer to the bill, which was overruled by the court below, and an appeal granted to this court to settle the principles of the cause.

In November, 1906, the state, on the relation of the attorney-general, filed a bill to enjoin appellants, who at that time constituted the members of the Retail Lumber Dealers' Association, from further prosecution of its business, on the ground that it was a trust and combine, under the provisions of chapter 145, Code of 1906, by virtue of an agreement entered into by the members of such association not to purchase lumber, sash, doors, and blinds from any wholesale dealer competing with them in the retail trade. The bill was answered, and set down for hearing on bill and answer, and was heard by the chancery court, and a decree rendered perpetually enjoining appellants from the further prosecution of their business under such agreement, and dissolving the association into which they had entered. From this decree the association appealed to this court, where the decree of the court below was affirmed; the cause being reported under the title *"Retail Lumber Dealers' Association* v. *State, on Relation of Attorney-General,"* 48 South. 1021. By writ of error to this court, the case went to the supreme court of the United States, where the decision of

this court was affirmed; the report of the case being found in 217 U. S. 433, 30 Sup. Ct. 535, 54 L. Ed. —, under the title *"Grenada Lumber Co. et al. v. State of Mississippi."*

In November, 1909, after the opinion of this court rendered in that case, which was handed down April 12, 1909, the state, on the relation of the attorney-general, filed the bill in this case against the appellants, setting out substantially, the same facts as were set out in the bill in the first case, and praying for a decree against each of the defendants for the penalty denounced in section 5004 of the Code, amounting to $197,000, making a total against all of $14,184,000. A further statement of the facts is deemed unnecessary, for a sufficient statement will be found in the case reported in 48 South. 1021.

Since the decision of this court in *Retail Lumber Dealers' Association* v. *State of Mississippi,* 48 South. 1021, and of the supreme court of the United States in (s. c.) *Grenada Lumber Co. et al. v. State of Mississippi,* 217 U. S. 433, 30 Sup. Ct. 535, 54 L. Ed. —, the only questions remaining open in this case are: (1) Whether, conceding that the chancery court was without jurisdiction, the supreme court will reverse on that ground, there being no other error. (2) Whether the penalty denounced by section 5004, Code 1906, was incurred (taking the bill to be true) by each of the appellants, who are severally liable therefor, or only one penalty was incurred by all, who are jointly and severally liable. (3) What statute of limitation, if any, applies to the right of the state to recover the penalties in question? (4) Whether such penalties are so excessive as to be confiscatory, therefore denying appellants the equal protection of the laws, and operating to deprive them of their property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States. These will be considered in the order set out.

1.   Section 5004, Code 1906, provides as follows: "Any person, corporation, partnership, firm, or association, or any representative or agent thereof, violating any of the provisions of this chapter, shall forfeit not less than two hundred dollars nor more than five thousand dollars for every such offense, and each day such person, corporation, partnership, or association shall continue to do so shall be a separate offense, the penalty in such case to be recovered by an action in the name of the state at the relation of the attorney-general or district attorney.   It shall be the duty of the several circuit judges of the state to specially call the attention of the grand jury of their respective districts to this provision."

Prior to the Constitution of 1890 the recovery of penalties in the chancery court, disconnected from any equity, was unknown to the jurisdiction of that court. Section 147 of the Constitution is as follows: "No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the supreme court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the supreme court may remand it to that court which, in its opinion, can best determine the controversy."

Construing this ·provision of the Constitution, in Cazeneuve v. Curell, 70 Miss. 521, 13 South. 32, the court said: "We find here practical authority for the virtual obliteration of the lines of demarcation between courts of law and equity, if the judges and chancellors of the inferior courts choose to disregard or fail to observe those distinguishing lines." And in Goyer v. Wildberger, 71 Miss. 438, 15 South. 235, the court, through Judge Campbell, said: "Now courts of law may administer equitable relief, and courts of chancery legal relief, and

no complaint can be made of it. Under the new Constitution (section 147, Const. 1890) we have practically a complete blending of law and equity. . . . The necessary effect of section 147 of the Constitution is to produce this result, for it would be absurd for this court to reverse a judgment because equity had been administered by a court of law, and remand the case to the chancery court, with directions to do what the court of law had already done; and so, where chancery had entertained a purely legal demand and disposed of it correctly."

The question is whether this is a "civil cause" in the sense of this constitutional provision? If it is, it is clear from these cases, and numerous others along the same line, since decided by this court, there can be no reversal on the ground alone that the subject-matter of the suit is one of legal and not equitable cognizance. It is contended for appellants that it is a "criminal cause," because it is a suit to punish an offense against the public justice, and there are authorities to sustain this view. However, the better reasoned authorities are to the contrary, some of which we will review:

It was held by the circuit court of appeals for the sixth circuit, in *United States* v. *L. & N. R. R. Co.*, 167 Fed. 306, 93 C. C. A. 58, that a suit by the United States against a railroad company to recover the penalty for a violation of the safety appliance act of congress, was a "civil action," and reviewable at the instance of the United States on a writ of error; and in *United States* v. *New York Central & S. L. R. R. Co.*, 168 Fed. 699, 94 C. C. A. 76, the circuit court of appeals for the second circuit held that a suit against a carrier to recover penalties for a violation of the "food and rest" act of congress to be a "civil suit," though the statute is penal. and therefore the government was entitled to have the proceeding reviewed by writ of error; and in *United States* v. *Southern Pacific Ry. Co.* (D. C.), 162 Fed. 412,

a suit to recover the penalty provided by an act of congress regulating the transportation of live stock, was held to be a "civil action," and therefore the government was only required to establish its case by a preponderance of the evidence, and not beyond a reasonable doubt; and in *Hepner* v. *United States,* 213 U. S. 103, 29 Sup. Ct. 474, 53 L. Ed. 720, 27 L. R. A. (N. S.) 739, it was held by the supreme court of the United States that a suit brought by the United States to recover the penalty denounced by sections 4 and 5 of the "alien immigration act" of March 3, 1903 (32 Stat. 1214, c. 1012) was a "civil suit," and not a criminal prosecution, and when it appears by undisputed testimony that a defendant has committed an offense against those sections, the trial judge may direct a verdict in favor of the government; and in *State* v. *Waters-Pierce Oil Co.,* 67 S. W. 1057, the court of civil appeals of Texas held that it had jurisdiction of an appeal by the state in a suit to recover the penalty for a violation of the anti-trust laws of that state, authorizing the attorney-general to prosecute appeals in such cases to that court, though the Constitution denied to the state the right to appeal in criminal cases, such a suit being a civil and not a criminal case; and it was held in *Mobile & Ohio R. R. Co.* v. *State,* 51 Miss. 137, that a suit for the penalty under a statute requiring railroad companies to erect signboards where they cross highways, and imposing a fine for a failure so to do, which should go to the school fund of the state, was a "civil suit;" and to the same effect is *State Board of Education* v. *Mobile & Ohio R. R.,* 71 Miss. 500, 14 South. 445. The authorities on this subject are collated in the note on page 1344, 30 Cyc.

The term "civil cause," in our judgment, was intended to comprehend every conceivable cause of action, whether legal or equitable, except such as are "criminal" in the usual sense; that is, where the judgment against the defendant may be a fine or imprisonment, or both, and,

in case of fine alone, imprisonment until payment. This.
is in fact a suit to punish an offense against the public
justice, but it is a "civil cause" nevertheless; and it is.
competent for the Legislature to provide for the punish-
ment of such offenses by either criminal or civil proceed-
ings, or both, as is done by chapter 145 of the Code.
These views render it unnecessary to determine the con-
stitutionality of Acts 1908, p. 211, expressly giving chan-
cery courts jurisdiction of suits by the state for penal-
ties incurred under the anti-trust laws.

2. By the express terms of section 5004 of the Code,
each person, partnership, or corporation is liable for
the penalty provided for its violation. There is no room
for construction. Where any number have combined
together, in violation of law, each is liable for the full
amount of the penalty which the court may see fit to
impose, from the minimum to the maximum fixed by the
statute; each stands as if he were the only guilty one;
and each day the business is carried on is a separate
breach of the statute.

3. Section 3096, Code 1906, provides that "statutes of
limitation in civil cases shall not run against the state,
or any subdivision or municipal corporation thereof,"
etc. This is a "civil case," as herein held, and there-
fore there is no statute of limitation.

4. Whether the penalties in question are confiscatory,
and therefore violative of the equal protection and due
process clauses of the fourteenth amendment of the
Constitution of the United States, cannot be considered
here on bill and demurrer, where there is no allegation
as to the property owned by the appellants. The statute
(section 5004) is valid on its face. Its enforcement
might amount to confiscation in one case and not in an-
other. This question must await the case on proof.
*State* v. *L. & N. R. R. Co.,* 51 South. 918.

*Affirmed and remanded.*