NUGENT & PULLEN v. ROBERTSON, State Revenue Agent.

[88 South. 895, In Banc. No. 21912.]

1. LIMITATION OF ACTION. *Monopolies. State revenue agent's suit for penalties for violating Anti-Trust Statutes not barred by one-year statute of limitations; suits for penalties for violating Anti-Trust Statutes are "civil suits."*

    A suit by the State Revenue Agent for the use of the state for penalties for violating the Anti-Trust Statutes is not barred by the one-year statute for the recovery of penalties provided by section 3101, Code 1906 (section 2465, Hemingway's Code), since by section 104 of the Constitution the statutes of limitation in civil actions do not run against the state, nor subdivisions, or municipal corporations thereof. The right of action is in the state, and not in the officer suing for the state, and suits for penalties in such cases are civil suits.

2. CONSTITUTIONAL LAW. *Monopolice. Anti-Trust Law not suspended by Lever Act; enforcement held not to deprive insurance companies of equal protection of law nor of property without due process.*

    The provisions of chapter 145, Code of 1906, and amendments thereto (chapter 69, Hemingway's Code), are not suspended by Act Cong. Aug. 10, 1917, commonly called the Lever Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, sections 3115⅛e-3115⅛kk, 3115⅛l-3115⅛r), even if this act is valid, and

the enforcement of the provisions of the said Anti-Trust Act against insurance companies does not deprive them of the equal protection of the law, nor deprive them of property without due process of law.

3. MONOPOLIES. *Insurance agents held not entitled to retain funds of principals against state.*

Where an attachment in chancery is sued out by the state under the provisions of section 536, Code of 1906 (section 293, Hemingway's Code), against certain insurance companies for penalties for violating the Anti-Trust Statutes, in which the agents resident in the state are made defendants, and effects in their hands impounded by the suit, such agents cannot defend the suit on the ground that they have been injured in their business by the acts of their principal, and that they are entitled to retain the said effects by way of recoupment, where their answer denies, on information and belief, that the insurance companies have violated such law, and where no demand or suit is pending against their principals, and where the answer is not made a cross-bill against the insurance companies, nor any relief sought by cross-bill against such insurance companies.

4. CORPORATIONS. *Monopolies.* *Funds of nonresident corporations violating Anti-Trust Law are subject to attachment in hands of resident agents.*

Where a suit is filed by the state against nonresident corporations for penalties for violating the Anti-Trust Statutes and resident agents of such companies are made defendants, and have effects of the nonresidents in their possession or under their control, they cannot defend on the ground that such funds are trust funds, and not debts due their principals. If the funds which they hold belong to the nonresidents, they are subject to attachment and garnishment.

ANDERSON and SYKES, JJ., dissenting.

APPEAL from chancery court of Hinds county.

HON. V. J. STRICKLER, Chancellor.

Proceedings by Stokes V. Robertson, State Revenue Agent, against Nugent & Pullen. Judgment for plaintiff, and defendant appeals. Affirmed.

*Green & Green,* for appellant.

*Clayton D. Potter* and *Chalmers Potter,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

. The appellant was one of the resident defendants, being an agent of some of the insurance companies in the suit of *Aetna Insurance Co.* v. *Stokes V. Robertson, State Revenue Agent,* 88 So. 883, this day decided, and was made a defendant for the purpose principally of subjecting moneys, debts and effects of the insurance companies for which it was agent to the demand of the state in that suit. The pleadings on the part of the revenue agent and the insurance companies are sufficiently set forth in the suit just decided, *Aetna Insurance Co.* v. *Stokes V. Robertson, State Revenue Agent,* and will be referred to here as to the pleading on the part of the revenue agent and of the insurance companies.

The appellant in this case filed an original answer, in which he denied the principal allegations of the bill along the lines of the denial of the Aetna Insurance Company et al., setting forth the various contentions as set forth in substance by the nonresident defendants, and then answered further as follows:

"And now further answering, this defendant says that at the time of the service of process on him in this case that he was not indebted to any of said nonresident defendant companies, but defendant says that upon the day of the service upon him he was acting as local agent for the following named nonresident companies:

| | |
|---|---|
| Alliance Ins. Co., Philadelphia, Pa. | $467.97 |
| Connecticut Fire Ins. Co., Hartford, Conn | 211,27 |
| Federal Ins. Co., New Jersey | 564.33 |
| Fireman's Fund Ins. Co., San Francisco | 619.26 |
| New Zealand Ins. Co., New Zealand | 110.21 |
| Niagara Fire Ins. Co., New York | 512.32 |
| North British & Merc. Ins. Co., England | 972.26 |
| Phoenix Ins. Co., Hartford | 527.18 |
| Royal Ins. Co. (Ga. Fire Ins.), England | 648.45 |
| Star Ins. Co., America | 201.84 |
| Westchester Fire Ins. Co., New York | 735.25 |

—and that he had in his custody the amount of premiums belonging to the said nonresident insurance companies as are given opposite the name of the companies above. This defendant says that said funds came into his possession and control as agent and employee of said defendants, and that he now holds the same in trust, and as trustee for the said defendants, in the amounts hereinbefore set out. This defendant denies that the funds that he holds as agent for such companies, and of which he is trustee and agent for said companies, are liable to garnishment in his hands in the suit of the complainant against the nonresident insurance companies. Defendant denies that he had in his hands at the time of the service of the writ in this suit any moneys, choses in action, property or effects of said companies, except some stationery and expiration books, and a few office supplies of little or no value."

This answer was sworn to, and after the answer was filed the application for receivers was made, as stated in the opinion in the case of *Aetna Insurance Co.* v. *Stokes V. Robertson, State Revenue Agent,* 88 So. 883, this day decided, and receivers were appointed, which said receivers accepted the trust and qualified. An application was made by the receivers for an order requiring the resident agents of the insurance companies to turn over immediately the funds in their possession to the said receivers, and to remit to the said receivers moneys thereafter collected. Thereupon the appellant amended his answer so as to deny any indebtedness to the several companies, and in the amended answer denied the general allegations of the bill as in the original answer as to the allegations that there was a conspiracy or agreement, in violation of the anti-trust laws, made and entered into by the insurance companies; and also denied that the insurance companies had permitted the Mississippi Inspection and Advisory Rating Bureau to manage or control or fixe the rates, substantially in the same form as the principal defendants had answered. Then the appellant set up in this answer an allegation that on the 10th day of August, 1917, the United States,

being at war with Germany, passed an act controlling the production and distribution of food products and fuel, commonly called the Lever Act, and that the effect of this act was to displace and annul the anti-trust laws of the state of Mississippi. The bill sets forth some of the general features of the act, and alleges that the president, acting thereunder, made divers proclamations, and that under the act and the president's proclamation the entire resources of the United States were marshaled and co-ordinated, and prices fixed by the government through supervision and in the manner and form required by the government and in the territory demanded by the general welfare as determined by the federal authorities. That by reason of the said Lever Act the said anti-trust laws were annulled and superseded, and, if the Lever Act did not totally displace the said statute, that it took from the said statute such businesses and elements as would make it a violation of the due process and equal protection clauses of the federal Constitution, and that to enforce the anti-trust statute as to insurance against defendants would be to deny them the equal protection of law and take their property without due process of law.

It is further alleged in the amended answer that, if the averments of the bill are true, the defendants were engaged in the commission of a felony, and that under the terms of the statute the contract entered into between the agent and the insurance companies are void, and that the insurance companies cannot collect from the agent their effects, and that the state could not collect from the agents, because its right to collect from the agents is derived from the right of the insurance company to collect from the agents.

It is further alleged that it is in violation of the public policy to enforce the payment of such funds under such circumstances.

It is further averred that, if the allegations of the bill are true, the respondent would be discharged from its liability to pay; that there can exist no garnishable debt, be-

cause such debt is predicated upon a violation of law. The respondent further alleged that he is the owner of an insurance agency in the city of Jackson which has existed for many years and is of great value, to wit, thirty thousand dollars, and said value constituted property for which the defendant in good faith paid, and by which he earns his daily bread for himself and his family, and that, if the averments of the original bill be true, the insurance companies unlawfully conspired to form a trust and combine, and thereafter as a part of the said conspiracy withdrew from the state, it would result in the destruction of his business, and that he is entitled to demand and recover from the insurance companies a sum in excess of the amount which he owes for premiums to said insurance companies. He then denies that he is in any way indebted to said defendant insurance companies in any sum subjectible to the process of garnishment herein, and denies that he knows any person indebted to said insurance companies now or at any time of the service of the writ or since, or knows any person who has any effects of said insurance companies in their possession or under their control that are of any value; and denies that he has in his possession or under his control any effects, except a small lot of stationery of trifling value. Respondent further says in his answer that no final decree can be rendered against him as garnishee in any event, or execution ordered against respondent, until, unless, and except final decree has been first made against the insurance companies, defendants; and then not until a decree herein against respondent as garnishee, and that until so made this respondent is entitled to have and retain all amounts in his possession, and to be protected by adequate decrees before any amount can be paid over.

The court passed an order directing the agents to turn over all moneys and effects in their possession belonging to the insurance companies, the principal defendants, and from this decree the appellant has appealed to settle the principles of the case.

The propositions as stated by the appellant in his brief are as follows:

"(1) The chancery court without jurisdiction to grant an attachment for a statutory penalty in this suit.

"(2) The right of action in the state revenue agent—not state of Mississippi—is prescribed by one year, and superseded by the federal exercise of power, under the Lever Act.

"(3) The original contract in violation of law and unenforceable: (a) Under express statute; (b) in virtue of settled judicial policy.

"(4) Damage having been done by an illegal act in virtue of an unlawful conspiracy, each member is severally liable therefor, and, the property destroyed belonging to appellant being in excess of the amount of his indebtedness, the same will be recouped."

The first proposition has been decided in the case of *Aetna Insurance Co.* v. *Stokes V. Robertson, State Revenue Agent,* 88 So. 883, this day decided.

The second proposition, that the penalty is barred by the one-year statute so far as the right of the revenue agent to sue is concerned, and that this is superseded by the federal exercise of power under the Lever Act. The one-year statute relied on is section 3101. Code of 1906 (section 2465, Hemingway's Code), reading as follows:

"All actions and suits for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed, and not after."

We think this contention that the action for the penalty is barred by the one-year statute is not well taken, because in the case of *Grenada Lumber Co.* v. *State,* 98 Miss. 536, 54 So. 9, this court expressly held that a suit for penalties under the anti-trust statutes of the state is a civil action; that section 104 of the state Constitution provides that the statute of limitations in civil cases shall not run against the state or any subdivision or municipal corporation. It

is contended, though, that, while the statute does not run against the state, it runs against the state revenue agent, because he has a commission of twenty per cent. of the amount recovered, and that he is to bring suit in his own name for the use of the state. It is sufficient answer to this to say that the right of action is in the state, and that under section 4738, Code of 1906 (section 7056, Hemingway's Code), it is provided that the revenue agent "shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality or levee board has the right of action or may sue." Since the enactment of this statute the legislature has limited the revenue agent by express provisions in suits for delinquent taxes or taxes which have escaped the assessor and tax collector, and as to suits against officers to certain fixed times therein mentioned. But it has not limited the time in which the revenue agent may sue for penalties due the state under penal statutes. In addition to these reasons, it may be said that the statute of limitations is a personal defense, and cannot be pleaded for one defendant by another.

It is also said that the anti-trust statutes are criminal statutes, and are barred after two years under section 1414, Code of 1906 (section 1169, Hemingway's Code), providing a limitation of prosecution of criminal offenses. An act may be criminal and may also give right to civil action, and where a civil suit lies to enforce the collection of a penalty imposed, it is a civil action as decided in *Grenada Lumber Co.* v. *State, supra.* There are numerous statutes in this state, providing both civil and criminal penalties for doing or failing to do particular acts. When a civil suit is instituted in such case, it is a civil suit, and limits for prosecuting crimes have no application.

The contention of the appellant is that the Lever Act of August 10, 1907 (Federal Stats. Annotated, Supplement 1918, page 181; U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, sections 3115 1-8e-3115 1-8kk, 3115 1-8l-

3115 1-8r), displaces the state law. The answer sets up no specification of how the anti-trust law is superseded or as to what features of the anti-trust lay are displayed by the said act, and the said act does not, it seems to us, on its face, support this contention, even if it is a valid enact-ment, which it seems not to be under the decision of the federal courts. See *Kennington* v. *Palmer,* 254 U. S.—, 41 Sup. Ct. 303, 65 L. Ed. 306, and *United States* v. *Cohen Grocery Co.,* 254 U. S.—, 41 Sup. Ct. 298, 65 L. Ed. 300, and the authorities therein cited.

However, if the act is a valid enactment, it would not destroy the Mississippi statute, because, confessedly, it does not undertake to take charge of the subject of insur-ance, and the rule is that, where the state has jurisdiction of a subject and enacts laws thereon, such laws are not annulled by the exercise of the paramount jurisdiction of Congress, where Congress has jurisdiction paramount to the state on the same subject. The effect of the enactment of Congress is merely to suspend the state law as to the subject taken over by Congress, and does not displace the state law any further. See 7 C. J. p. 21, section 15, 16, 18.

In reference to the third point, we think this contention is not maintainable for the reasons that the defendant does not plead that the insurance companies have violated the anti-trust laws, but, on the contrary, denies under oath, on information and belief, that allegation.

There has been no suit filed by the appellant against the insurance companies to recover damages to him, and if he has any right of action it is uncertain as to what company or in what amount, or whether it was ever intended to be asserted, sued for, and recovered.

It is also contended that if the funds in the hands of the agents are held by them as the funds of the insurance com-panies they are not subject to garnishment; that the effect of the statute is limited to an indebtedness, and that such funds are not debts from the agents to the insurance com-panies, but are funds held in trust for the insurance com-panies by the agents. The right against the insurance

companies is predicated upon debt, but the effect of the defendants which are bound by the service of process is in no wise limited to debts, but includes all kinds of property which may come within the definition of the words used in the statute, which are, "who have in their hands effects of, or are indebted to such absent or absconding debtor." As said in the case of *Aetna Insurance Co.* v. *Stokes V. Robertson, State Revenue Agent,* 88 So. 883, "effects" is a word of very broad signification, and if funds held by an agent for his principal could not be garnished or attached because of the theory of trust or because of a relation of trust between a principal and agent, the statute would be of little value. If the funds in the hands of the agent belonged to the principal and are attached because the principal owes a debt or a demand under the statute, no trust can be said to exist in the matter within the meaning of the rule against attaching or garnishing trust funds. If the principal debtor, in this case the insurance companies, held the property as trustees for another person, and not in their own right, a different question would be presented.

We think what we have said demonstrates that there is no merit in the fourth proposition advanced. There is no sufficient pleading in the record to properly present a contention of this kind. The appellant asserts no demand against the insurance companies in this suit. He has not made his answer a cross-bill, nor has he shown any disposition in his pleadings to allege or sustain a contention that the insurance companies which he represents are guilty of violating the law in any respect, but, as stated before, he denies such allegation made by the complainant in the suit.

The judgment will be affirmed.

*Affirmed.*

ANDERSON and SYKES, JJ., dissent on the ground that the revenue agent had no right to bring this suit. See dissenting opinion in the campanion case of *Aetna Insurance Co.* v. *Stokes. V. Robertson, State Revenue Agent,* No. 21871, 88 So. 883.