G. W. HUTCHINSON, GUARDIAN, ET AL. *v.* L. SIMON ET AL.

PARTIAL ASSIGNMENT.    *Enforceable in equity, but not at law.*

    A written assignment of an interest in a note is not enforceable at law against the debtor without his express assent and assumption; but the assignee can maintain a bill in equity.

APPEAL from the Chancery Court of Warren County.

Hon. UPTON M. YOUNG, Chancellor.

*R. S. Buck*, for the appellants.

A creditor cannot by assignments cut up his claim and multiply obligations against his debtor, not contemplated by his original contract, without his consent. *Mandeville* v. *Welch*, 5 Wheat. 277; *Gibson* v. *Cooke*, 20 Pick. 15; Drake on Attachment, § 611, and note 1; *Burnett* v. *Crandell*, 63 Mo. 410; *Getchell* v. *Maney*, 69 Maine, 442. The reasoning upon which the principle is based in the cases cited is as applicable in equity as at law, and the doctrine has found recognition in courts possessing chancery powers. *Gibson* v. *Finley*, 4 Md. Ch. 75; *Collyer* v. *Fallon*, Turn. & Russ. 459. In *Fairgrieves* v. *Lehigh Navigation Co.*, 5 Am. Law Reg. o. s. 161, it was held that a partial assignment to which the debtor did not assent would not bind him at law or in equity.

*Shelton & Crutcher*, for the appellees.

A partial assignment of a debt is enforceable in equity without acceptance by the debtor. *Smith* v. *Everett*, 4 Bro. Ch. 64; *Lett* v. *Morris*, 4 Sim. 607; *Morton* v. *Naylor*, 1 Hill, 583; *Watson* v. *Duke of Wellington*, 1 Russ. & Myl. 602; 2 Story Eq. Jur. § 1044. The case of *Field* v. *Mayor of New York*, 2 Seld. 179, is directly in point, and conclusive. Lord Eldon in *Ex parte Smyth*, 1 Swanst. 338, said that the course of the decisions at law, on this subject, is not the doctrine of the Chancery Court. To the same effect are other cases in England and in this country. *Walker* v. *Seigel*, 2 Cent. Law Jur. 508; *Yeates* v. *Groves*, 1 Ves. Jr. 280; *Stanbery* v. *Smythe*, 13 Ohio St. 495; *Richardson* v. *Rust*, 9 Paige, 243. This court has also recognized the validity of partial assignments. *Fitch* v. *Stamps*, 6 How. 487; *Moody* v. *Kyle*, 34

Miss. 506 ; *Richardson* v. *Lightcap*, 52 Miss. 508. The case at bar comes within the rule laid down by the Supreme Court of the United States in *Christmas* v. *Russell*, 14 Wall. 69. Authority is not wanting for the proposition that a partial assignment is enforceable even at law. *Buckner* v. *Sayre*, 18 B. Mon. 745 ; *Lester* v. *Given*, 8 Bush, 357.

CHALMERS, J., delivered the opinion of the court.

By the allegations of the bill which is demurred to, it appears that Mrs. Lowenhauft, now a lunatic represented by G. W. Hutchinson, her guardian, held a note for four thousand dollars made by Louis Hoffman, secured by mortgage. For value received she assigned in writing an interest in this note and mortgage, to the extent of fifteen hundred dollars, to H. H. Miller as agent and attorney for the appellees, Levi Simon & Co. This instrument of assignment was at once exhibited to and read by the debtor, Hoffman, who nevertheless thereafter, in fraud of the appellees' rights, paid to Mrs. Lowenhauft, or to her guardian, the full amount of the four thousand dollar note, and procured an entry of satisfaction of the mortgage by which it was protected. The prayer is for a personal decree against Mrs. Lowenhauft and Hoffman for fifteen hundred dollars with interest, and for a re-instatement and foreclosure of the mortgage to that extent. The demurrer is based upon the theory that the assignment of a portion only of a particular debt or fund is invalid and not enforceable against the debtor without an express assent and assumption on his part.

Such is undoubtedly the rule in courts of law, for the sufficient reason that it would subject the debtor to a multiplicity of suits at the instance of each assignee of separate portions of the debt; and, as the original creditor would be no party to those suits and might thereafter, upon a suit brought by himself for the whole debt, deny the assignments, it would be impossible in a court of law to protect the rights of all the parties. This reason does not apply to courts of equity, and the law ceases with the reason upon which it is founded. It is quite generally, though not universally, held that such assignments are good in equity, and may be there enforced. Such, cer-

tainly, has been intimated or assumed to be the law in this State in several cases, and such also seems to be the view entertained by the Supreme Court of the United States. We are satisfied of its correctness. *Moody* v. *Kyle*, 34 Miss. 506; *Fitch* v. *Stamps*, 6 How. 487; *Richardson* v. *Lightcap*, 52 Miss. 508; *Christmas* v. *Russell*, 14 Wall. 69; 2 Story Eq. Jur. § 1044.

*Decree overruling demurrer affirmed.*