ELIJAH SMITH ET AL. *v.* STATE OF MISSISSIPPI.          | 86   315 |
                                                          | d95  429 |

1. JUSTICE OF THE PEACE. *Jurisdiction.   Holding defendant to grand jury.   Bail bond.   Code* 1892, §§ 2420, 2421.

   Under Code 1892, §§ 2420, 2421, giving justices of the peace jurisdiction, and requiring them to try and dispose of misdemeanors, a justice of the peace is without authority to bind a defendant over to appear before the circuit court to await the action of the grand jury on a charge of having committed a misdemeanor.

2. SAME. *Duty of justice of the peace.*

   If an accused be charged before a justice of the peace with the commission of a misdemeanor, it is the duty of the justice to try and dispose of the charge; if he fail to do so, and require the accused to give a bail bond to await the action of the grand jury on the misdemeanor charged, the bond will be void.

3. SAME. *Code* 1892, § 1394.

   Nor will such a bond be saved by Code 1892, § 1394, providing that all bonds conditioned for the appearance of any person before a court in a criminal case, upon the execution of which such person was freed from custody, shall be binding, since there was no power in the justice of the peace to take such bond.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Smith and others, appellants, were defendants in the court below to a proceeding by the state to recover on a bail bond alleged to have been forfeited.

In November, 1903, a justice of the peace required Smith, one of the appellants, to execute an appearance bond in the penalty of $1,000, conditioned that he appear at the next term of the circuit court to await the action of the grand jury on the charge of "conspiracy to rob," which bond he executed, with the other appellants herein as sureties. At the January term of the circuit court, 1904, Smith was indicted by the grand jury for grand larceny, and, failing to appear, the court ren-

dered a judgment *nisi* against him and his bondsmen for the full penalty of the bond. On February 8, 1904, a *scire facias* was issued reciting that Smith was recognized to appear at the January term, 1904, to answer the state on a charge of grand larceny, and that he and his sureties failed to appear when called, and that the court rendered judgment against Smith and his bondsmen for $1,000, and commanded the sheriff to cite Smith and his bondsmen to appear at the July term, 1904, and show cause why said judgment *nisi* should not be made final. The *scire facias* was duly served. The defendants appeared, and filed a plea, in which they alleged, *inter alia,* that Smith, with the other appellants as sureties, entered into a bond to answer the state on a charge of conspiracy to rob; that the justice of the peace had no authority to take a bond to answer the charge of conspiracy to rob. The district attorney demurred to this plea, and the demurrer was sustained by the court, and the court rendered a final judgment against appellants for $1,000. From that judgment they appealed to the supreme court.

*S. A. Witherspoon,* and *R. A. Collins,* for appellants.

*J. N. Flowers,* assistant attorney-general, for appellee.

[The briefs of counsel in this case were withdrawn or lost from the record before it reached the reporter; hence a synopsis of them is not given.]

WHITFIELD, C. J., delivered the opinion of the court.

The justice of the peace in this case on November 7, 1903, bound Smith over to appear before the circuit court to await the action of the grand jury on the charge of conspiracy to rob. He had no power to do this, and the bond is void. Code 1892, §§ 2420, 2421, provides that justices of the peace have final jurisdiction of misdemeanors, and must try and dispose of them according to law. The justice of the peace should have tried

Smith, and acquitted him or convicted him. The only bond he could take of Smith on this charge is the one provided for in sec. 2423, Code 1892, which is a bond for his appearance before him, the justice of the peace; and this bond he can only return to the circuit court in case the penalty exceeds $200; and the only forfeiture that the circuit court could take on such a bond would be on account of defendant's default in appearing before the justice, and not on account of his default in appearing before the circuit court to answer an indictment of the grand jury. This case is not saved by Code 1892, §§ 1394, 1395. This is a case of absolute want of power on the justice's part to take any such bond. See *Thomm* v. *State,* 35 Ark., 327; 5 Cyc. of Law, p. 86, and authorities there cited. The demurrer of the district attorney to the plea of the defendant to the judgment *nisi* for $1,000 should have been overruled. The plea was good on that ground set up in it that "the said justice of the peace had no authority to take the bond" requiring the defendant to appear to answer an indictment by the grand jury, where the charge before him was a mere misdemeanor. The demurrer to the *scire facias* should have been sustained, and the demurrer of the district attorney to the plea to the judgment *nisi* for $1,000 should have been overruled.

*Reversed, demurrer to scire facias sustained, demurrer to the plea of defendant to the judgment nisi for $1,000 overruled, and the suit dismissed.*