### JAMES SMITH v. TINA HAWKINS.

[47 South. 429.]

BASTARDY. *Evidence. Profert of baby.*

> In bastardy proceedings, the profert of the child before the jury, to show resemblance to defendant, is proper.

FROM the circuit court of Scott county.

HON. ROBERT L. BULLARD, Judge.

Miss Hawkins, appellee, was plaintiff in the court below; Smith, appellant, was defendant there. The proceeding was a statutory bastardy one and the issue was whether defendant was the father of plaintiff's bastard child. On the trial, over defendant's objection, the plaintiff made profert of her child, exhibiting it in the presence of the jury.

From a verdict in plaintiff's favor defendant appealed to the supreme court.

*J. P. Edwards,* for appellant.

The theory that the jury can safely and honestly be guided in making up their verdict in any case of this nature by comparing the features of the child with those of the supposed father, or from a supposed resemblance, and their right to do so is clearly and most logically refuted in the case of *Washburn v. M. & L. R. Co.,* 59 Wis. 364-370.

The language of the court in the case above cited is as follows: "To allow jurors to make up their verdict on their individual knowledge of disputed facts material to the case, not tes-

tified to by them in court, or upon their private opinions, would be most dangerous and unjust. It would deprive the losing party of the right of cross-examination and the benefits of all the tests of credibility which the law affords, besides the evidence of such knowledge, or the grounds of such opinion, can not be preserved in a bill of exceptions or questioned on appeal. It would make each juror the absolute judge of the accuracy and value of his knowledge or opinion, and compel the appellate court to affirm judgments on the facts, when all the evidence is before it and there is none whatever to support the judgment." This reasoning, says the court, clearly shows the impropriety in permitting the jury to base their verdict, in whole or in part, upon their inspection of the child exhibited to them in court. If the child itself, when presented to the jury for their inspection is or may be evidence tending to prove its parentage then this court upon appeal could not reverse their verdict, for the reason that this court would not have before it all the evidence in the case upon which the jury acted.

In further support of our contention we cite the following cases: *Hannawalt v. State,* 64 Wis. 84; *State v. Danforth,* 48 Iowa 43; *Risk v. State,* 19 Ind. 152; *People v. Carney,* 29 Hun. (N. Y.) 47; 1 Beck's Medical Jurisprudence, 484-485; *Stunn v. Hummel,* 39 Iowa, 478; *Reitz v. State,* 33 Ind. 187.

*Sidney L. McLaurin,* for appellee, cited the following authorities: *Gilmanton v. Ham,* 38 N. H. 108; *Re Jessup's Estate,* 81 Cal. 408, 21 Pac. 976, 22 Pac. 742, 1028, 6 L. R. A. 594; *Shorten v. Judd,* 56 Kan. 43, 42 Pac. 337, 54 Am. St. Rep. 587; *Scott v. Donovan,* 153 Mass. 378, 26 N. E. 871; *Crow v. Jordan,* 49 Ohio St. 655, 32 N. E. 752; 1 Wharton Ev. 346; *Stubblefield v. Woodruff,* 67 N. C. 89; *Finngan v. Deegan,* 14 Allen (Mass.) 179; *State v. Saidell,* 70 N. H. 174, 46 Atl. 1083, 85 Am. St. Rep. 627; *State v. Horton,* 100 N. C. 443, 6 S. E. 238, 6 Am. St. Rep. 613; *Stumm v. Hummel,* 39 Iowa 478; *Gaunt v. State,* 50 N. J. L. 490, 14 Atl. 600; *Morrison v. People,* 52 Ill. App. 482; Code Miss. 1906, § 2720.

*Howie & Howie,* on the same side cited the following authorities:

Greenleaf on Evidence, vol. 1, § 13, note; Wigmore on Evidence, vol. 2, § 1168; *Davis v. Jenny,* 1 Metc. (Mass.) 222; *Washburn v. Railroad,* 59 Wis. 371, 18 N. W. 328; *Kelly v. State,* 133 Ala. 195, 32 South. 56, 91 Am. St. Rep. 25; *Jones v. Jones,* 45 Md. 144; *Farrell v. Wietz,* 160 Mass. 288, 35 N. E. 783; *People v. White,* 53 Mich. 537, 19 N. W. 174; *State v. Saidell,* 70 N. H. 174, 46 Atl. 1083, 85 Am. St. Rep. 627; *Slate v. Britt,* 78 N. C. 439; *People v. Wing,* 115 Mich. 698, 74 N. W. 179; Cent. Dig. p. 1954; *Young v. Makepeace,* 103 Mass. 50; *Paulk v. State,* 52 Ala. 427; *State v. Smith,* 54 Iowa 104, 6 N. W. 153, 37 Am. Rep. 192; *State v. Bowles,* 52 N. C. 579.

WHITFIELD, C. J., delivered the opinion of the court.

The profert of the child before the jury was perfectly proper, as shown by the overwhelming weight of authority. See authorities cited in the briefs of learned counsel for appellee.

*Affirmed.*