### WELFORD *v.* HAVARD.

[89 South. 812.   No. 22031.]

1. BASTARD.   *Trial.   Bastardy proceeding being civil, it is not error to instruct for a nine-jury verdict; and that plaintiff may prove case by preponderance of evidence.*

The cause of action and procedure provided for in the bastardy statute, chapter 15, Code of 1906, sections 268–283, inclusive (Hemingway's Code, chapter 7, sections 217–232, inclusive), are civil and not criminal in their nature; in its chief purposes and essentials the cause provided for is a civil and not a criminal cause; therefore in such a proceeding it was not error for the court to instruct the jury that they could return a nine-jury verdict, which is authorized alone by chapter 162, Laws of 1916 (Hemingway's Code, section 2214), in "civil suits in the circuit and chancery courts;" nor was it error in the trial court to instruct the jury in such case that plaintiff was only required by law to establish her case by the preponderance

of the evidence, and not by proof beyond a reasonable doubt as in criminal cases.

2. BASTARDS. *Profert to jury of illegitimate child may be made.*
   On the trial of such a case, which involves the parentage of an illegitimate child, it was not error in the trial court to permit profert of the child to the jury to be made.

3. BASTARDS. *Minor may be required to support and maintain bastard child.*
   Minors are not excepted from the provisions of the bastardy statute; the obligation imposed by the statute on the father of the illegitimate child to support and maintain it in order to prevent it from becoming a public charge is not contractual in its nature. it is a police regulation imposing a penalty for the purpose named, and therefore the statute applies to minors as well as adults.

APPEAL from circuit court of George county.
HON. D. M. GRAHAM, Judge.

Bastardy proceeding by Lollie Havard against Ernest Welford. Verdict and judgment for the plaintiff, and defendant appeals. Affirmed.

*E. W. Breland,* for appellant.

There is but one way that this case can be affirmed by this court, and that is for it to hold that a suit under the bastardy statute of the state of Mississippi, to-wit, chapter 15 of the Code of 1906, and chapter 7, Hemingway's Code, is an ordinary civil suit and is to be tried as such in all particulars for this is exactly what the court below did do, and as I do not find where this court has ever construed this statute or had put up to it the manner or character of trial under this statute. I take it that this court will be called upon in determining this matter to pass upon this particular point.

We concede that the courts everywhere have held that a defendant is not committed for debt in a bastardy proceeding, but that it is a punishment or penalty inflicted upon him for his wrong inflicted upon the plaintiff and

upon society. The court's attention is especially called to the case of *Ex parte Bridgforth,* 77 Miss. 418. The court in this case said, among other things, in speaking of our Bastardy statute, "it is in the nature of a penalty, etc., for violating a law and begetting a bastard child."

If then this case is in fact and in truth a *quasi*-criminal case, or if it is anything other or more than a plain, simple, ordinary every-day civil suit, it is perfectly obvious that we were not accorded a "square" deal in the trial of this matter in the lower court, and were shorn and deprived of our rights and the defendant, appellant here, suffered the consequences thereof.

But we doubt not that this court will hold that under our statute, a bastardy proceeding is in fact and in truth a *quasi*-criminal matter, and if it does, it naturally follows that the nine-jury verdict given plaintiff in this case in the court below was not only prejudiical to the defendant but so highly erroneous as to entitle the appellant to a reversal. Courts of different states have differed in passing upon this matter and in determining whether the statutes of their respective states were civil, criminal or *quasi*-criminal. Of course the language and provisions of the statute in different states differ, and hence the difference of opinion rendered by the court. As we have said, ours is one of the states in which this question has not been passed upon by the supreme court. We cite the case of Miller 1. The *State,* 110 Ala. 69, 20 So. 392, which state has a very similar statute to ours. The court in that case said that bastardy cases are *quasi*-criminal and sufficiently criminal to authorize accused to prosecute *habeas corpus* proceedings, also see *Ex parte Chalreston,* 107 Ala. 688, 18 So. 224.

A number of states have held that bastardy proceedings were *quasi*-criminal, and we refer the court to the notes covering this matter fully at pages 317-18, vol. 11 of the American and English Annotated cases. The entire matter is there discussed and the holding of each of the several states therein set forth. The very verbiage and pro-

vision of our statute plants it squarely within the ordinary and usual acceptation of a *quasi*-criminal matter.

Our statute authorizing a nine-jury verdict. Section 2214 of Hemingway's Code, is plain and unambiguous and means what it says, and it says: "In all civil suits in circuit and chancery courts." This court passed upon this statute in the case of *Ulmer* v. *Pistole,* 115 Miss. 485, and therein held it was no infringement upon the constitutional right of parties to a civil suit. Emphasis is both; the statute and the holding of the court in this case is put upon the word "civil."

We are not unmindful of the holding of this court in the case of *Smith* v. *Hawkins,* 93 Miss. 588, in which Justice WHITFIELD held that provert of the child was proper in cases of this kind as no facts are set out in this case, it cannot be ascertained just what took place in the trial of that cause, and notwithstanding the holding of the court in that case, we contend that it was error of the court below to permit the child in question to remain in the court room over the objection of the defendant, and to permit counsel for appellee to refer to the said child and its favor of the defendant in his closing argument.

In conclusion, permit me to say that it seems perfectly clear that the jury in this case, as is usually true in cases of this kind, were swayed by their sympathy for the plaintiff and not by the proof presented, otherwise the verdict of the jury would have been for the defendant. The facts of this case unquestionably warranted a finding for defendant, and the court should have been moved to do so; ought to have set this verdict aside on the ground that it was contrary to the law in the case. This court ought to, and I think will yet hold that in view of the fact that the plaintiff was wholly unsupported by any sort of proof, as the defendant introduced any number of witnesses, the testimony of any one of which was sufficient to raise a reasonable doubt of the fact that defendant was the father of the child in question, and not one of said witnesses did the plaintiff seek to impeach, and there is no reason that

has been, or can be assigned as to why the jury disbelieved any one or all of these witnesses. It cannot be gainsaid, from the record of this case, that the plaintiff was a woman of very bad character, and it does seem hard and unjust that the appellant here, a mere country boy, less than twenty-one years of age, should be bowed down and crushed in his young manhood by the testimony alone of a woman of this character, and that is true, even though he had been given the benefit of a fair trial in the court below, which we contend was not his. We submit the whole record, and confidently submit that the case on this record ought to be reversed.

*O. F. Moss,* for appellee.

We will first take up the proposition as to whether or not a bastardy proceeding under our statute is civil or criminal in its nature. It is true that the defendant may be arrested and brought into court and then compelled to give an appearance bond, and it is further true that he may be compelled to give bond that he will comply with the terms of the judgment, but we submit that the trial of a bastardy case in the circuit court under our statute is entirely civil, and that the laws governing the trial of civil cases must govern in the trial of a bastardy case in the circuit court. It makes no difference in a bastardy case whether the defendant is a minor or not. Section 268, Code of 1906, section 217, Hemingway's Code, does not make any exception as to minors. This section of the code provides that when a single woman shall make a complaint against the father of the child to any justice of the peace, etc., the defendant shall be forthwith brought before said justice of the peace, and it matters not whether the father of the child is a minor or an adult. We submit that this would be a very weak and ineffectual statute indeed if only adults could be held to account in bastardy proceedings, and all minors should go free. Very likely

more bastardy proceedings are brought against minors than adults.

We therefore submit that it was not the intention of the legislature to except minors :om the operation of our code, the chapter on bastardy proceedings. A bastardy proceeding is civil in its very inception, because no affidavit, as in a criminal case, and not even a written complaint are required by the statute. *Johnson* v. *Walker*, 86 Miss. 757, 39 So. 49.

Section 271, Code of 1906, section 220, Hemingway's Code, provides that plaintiff shall, on or before the first day of a term of the circuit court actually held, or within such time as the court may allow, file a declaration in bastardy cases and the defendant may plead thereto as in other cases, and the issue shall be made up, making the trials of such cases civil and not criminal in their nature.

Section 277, Code of 1906, section 226, Hemingway's Code, provides that the jury may assess damages, that the judgment may be enrolled as other judgments, and that such judgment shall constitute a first lien on the property of the defendant, thus making the enforcement of such judgments entirely civil in its nature, and section 281, Code of 1906, section 230, Hemingway's Code, provides that execution may be issued on such judgment as in other cases.

Bastardy proceedings, by the great weight of authority, are civil in their nature. 7 C. J. 966, and authorities there cited. A bastardy proceeding partakes in its inception, under our statute, very much of the nature of a criminal prosecution, but in the latter stages when it reaches the circuit court, becomes a civil case. *Bond* v. *State* (Fla.), 15 So. 591.

Because bastardy proceedings are civil in their nature, the defendant cannot introduce evidence of his general good character. 7 C. 992, and authorities there cited, among which is anonymous 37, Miss. 54. We, therefore, submit that the lower court was entirely correct in treating this

as a civil proceeding, and in giving the instruction for the complainant as to the nine-jury verdict.

Appellant next complains that the lower court erred in allowing plaintiff to make profert of the child before the jury. This question is settled in Mississippi by *Smith* v. *Hawkins,* 93 Miss. 588, 47 So. 429. Since the child may be introduced in evidence, counsel for either side may surely talk about the evidence introduced in their arguments before the jury, and we therefore submit that it was entirely correct for the court to allow counsel for plaintiff in his closing argument to speak of the resemblance of the child to its reputed father.

We, therefore respectfully submit that there is no error shown in this record of which appellant can complain, and that the judgment of the lower court ought to be affirmed.

Anderson J., delivered the opinion of the court.

This is a bastardy proceeding by the mother of an illegitimate child, the appellee, against the alleged father, the appellant. There was a verdict and judgment in the court below, against the appellant in the sum of eighteen hundred dollars, which he was required to pay in monthly installments for a period of fifteen years for the support of the child; and the judgment as provided by the statute directed that appellant give security for the payment of said sum and in default thereof he be committed to jail and there held until such bond should be given. From that judgment the appellant prosecutes an appeal.

The trial court proceeded with the cause as if it were a civil and not a criminal cause, and at the request of the appellee instructed the jury that under the law if they found for appellee, they were authorized to return a nine-jury verdict. And also at the request of the appellee, the court instructed the jury that they should return a verdict for the appellee if satisfied of the guilt of the appellant by a preponderance of the evidence; the giving

of which instructions is assigned as error.  During the trial
the court below, over the objection of the appellant, per-
mitted the appellee to make profert of the child to the jury.
The action of the court is assigned as error.  The evidence
showed that the appellant at the time of the rendition of
the judgment in the trial court was a minor.  It is con-
tended on behalf of the appellant that such judgment could
not under the law be rendered against a minor, and there-
fore the action of the court in that respect was erroneous.

The giving of the nine-jury verdict instruction and the
instruction that informed the jury that they could return
a verdict for the appellee on the mere preponderance of
the evidence involves the consideration of one question,
and that is, whether or not bastardy proceedings under
chapter 15, Code of 1906, sections 268 to 283, inclusive,
Hemingway's Code, chapter 7, sections 217 to 232, inclu-
sive, is a civil or a criminal cause.  The nine-jury verdict
statute, chapter 162, Laws of 1916, Hemingway's Code,
section 2214, provides that in the trial of all "civil suits
in the circuit or chancery courts of this state" nine or
more jurors may agree on a verdict; and that either party
may request an instruction to that effect, and it shall be the
duty of the judge to give it.

If this proceeding therefore, is a criminal and not a
civil cause, clearly the giving of the nine-jury verdict in-
struction was error.  And it is also true that if this is a
criminal and not a civil cause, the giving of the instruction
that the jury might return a verdict on the mere prepond-
erance of the evidence was error, because it is universally
heed that in a criminal case the evidence must show
the guilt of the defendant beyond a reasonable doubt.

In some of its aspects our bastardy statute partakes of
the nature of a criminal proceeding; in others, of the na-
ture of a civil proceeding.  The features of the statute
which partake of a criminal nature are that the first pro-
cess served in the cause is a warrant upon which the ac-
cused is arrested and the statute authorizes the justice
of the peace before whom the initial proceeding is begun, if

justified by the evidence, to bind the accused in bond with sureties in the sum of not less than five hundred dollars to appear at the next term of the circuit court to answer the complaint of the plaintiff. And it is provided that the circuit court may compel the appearance of the defendant and enforce such bond so required by the justice of the peace, or require the execution by the accused of an appearance bond, if none has been given, and that upon trial in the circuit court if the jury shall return a verdict for the plaintiff they may direct that the same be paid annually or otherwise for a period not exceeding eighteen years, and the court shall render judgment accordingly; that the board of supervisors of the county under certain conditions are authorized to institute proceedings, and the court shall in such case direct in the judgment that the defend- ant give security for its payment, and in default thereof, be committed to jail and dealt with as convicts of misdemeanors until the bond and security shall be given. And a like judgment is authorized in the discretion of the court, where the proceeding is prosecuted either by the mother or child; and that the circuit court or judge thereof in vacation may order the father to jail for a failure to comply with the requirement of the judgment.

On the other hand, the features of the statute which are civil in their nature are as follows: The suit is not in the name of the state, but in the name of the mother of the child, and under certain conditions named in the statute, by the board of supervisors. The initial proceeding is before a justice of the peace on a mere informal complaint, and when the case reaches the circuit court the plaintiff is required on the first day of the court, or within such time as the court may allow, to file a declaration, and the defendant is required to plead thereto as in other cases; and the statute provides that an issue shall be made up and tried, and that the jury may assess the damages and direct how the judgment shall be paid, and judgment shall be entered accordingly, which is required to be enrolled by the clerk of the court, and thereupon becomes a lien on the

property of the defendant, and that execution may be issued on such judgment as in other cases.

By the great weight of authority, bastardy proceedings are civil proceedings and are governed by the rules of procedure applicable in such cases. It is true that a small number of courts have held that such proceedings are criminal instead of civil and are governed by the rules obtaining in criminal cases. 7 Corpus Juris, section 57.

Also by the great weight of authority the parentage of the child in question may be proved by a preponderance of the evidence; proof beyond a reasonable doubt as in criminal cases not being required. 7 Corpus Juris, section 128. The cases bearing on these questions will be found collated in the notes to the two references above to Corpus Juris.

In the case of *Grenada Lbr. Co.* v. *State,* 98 Miss. 536, 54 So. 8, which was a suit by the state to recover penalties for breach of the anti-trust laws of this state, one question involved was whether it was a criminal or civil cause. The court held, notwithstanding the penalty denounced by the anti-trust laws was for the purpose of punishing an offense against public justice, that was a civil and not a criminal cause. The definition given of a "civil cause" in that case was that the term "civil cause" was intended to comprehend every conceivable cause of action whether legal or equitable, except such as are criminal in the usual sense; that is, where the judgment against the defendant may be fine, or imprisonment, or both, and in case of fine alone, imprisonment until payment. Applying this test to the statute in question, in the opinion of the court bastardy proceeding is a civil and not a criminal cause. The verdict of the jury and the judgment of the court are civil in their nature. The judgment is required to be enrolled and is a lien, and execution may issue on it. The judgment imposes no fine on the defendant, nor can he be imprisoned, except for disobedience of the judgment. The power to imprison given by the statute is in the nature of a power to punish for contempt. Imprisonment may follow, it is

127 Miss.—7

true, but that result is only seconlary in purpose. The primary purpose of the statute is to provide for the support of the child, and thereby prevent it from becoming a public charge. In its essentials the cause provided for by the statute is civil and not criminal.

There was no error in the action of the trial court in permitting profert of the child to be made to the jury by the appellee. It was so held in *Smith* y. *Hawkins,* 93 Miss. 588, 47 So. 429.

It is contended that the judgment rendered in this case is void because at the time of its rendition the appellant was a minor. The bastardy statute does not except minors. And, furthermore, the liability or obligation on which the judgment in a bastardy proceeding is based has none of the elements of contract. As held in *Ex parte Bridgeforth,* 77 Miss. 418, 27 So. 622, 78 Am. St. Rep. 532, the basis of the judgment is not a debt due by the defendant to the mother; the proceeding is a police regulation by which the father of the illegitimate child may be required to support his child and protect the public against being charged with its care and support. The judgment is in the nature of a penalty imposed on the father for the purpose of forcing him to make provision for his unfortunate child and is in no sense a debt.

*Affirmed*