## BOGGAN *v.* DAVIS.

(Division B. Dec. 3, 1934.)

[157 So. 904. No. 31404.]

**Geo. T.** and **Chas. S. Mitchell,** of Tupelo, for appellant.

Noel **Monaghan,** of Tupelo, for appellee.

**Griffith, J.**, delivered the opinion of the court.

One Frank Baker was put under bond by a justice of the peace to appear at the next circuit court to answer a complaint in bastardy. Appellant was one of the sureties on that bond. The accused appeared at the next term of the circuit court, but the case was continued, and for several terms thereafter. However, at the May, 1933, term, the case was finally called for trial, and, the accused being absent, there was a trial in his absence. The verdict of the jury was in favor of the complainant, awarding her the sum of eight dollars per month for a period of ten years. Judgment was entered on the verdict, and the judgment further recited "that on account of the failure of the defendant to appear and submit himself to the jurisdiction of the court and be amenable to its orders, judgment be recorded not only against him but against the sureties on his appearance bond;" and, after naming the sureties, the judgment directed that proper process issue to said sureties commanding them to appear at the next term of court to show cause, if any, why the judgment nisi against them should not be made final and why they should not pay the penalty of the appearance bond into court to apply on the monthly payments required by the verdict.

Proper process was issued to the sureties, and appellant appeared and resisted the entry of any judgment final against him on said bond. In the meantime, the bond had been lost from the papers, so that its precise recitals do not appear of record. Appellant contends, first, that under the language of section 179, Code 1930, the appearance bond was conditioned to require the appearance of the accused "at the next circuit court," and that

when the accused appeared at that term, the conditions of the bond were fulfilled, and the sureties were thereupon released, although the case was continued at that term, and for several terms thereafter. Appellant cites 7 C. J. 983, in support of that contention.

In Welford v. Havard, 127 Miss. 88, 89 So. 812, it was held that our bastardy statute partakes of the nature of a criminal proceeding in respect to all those features of it which relate to the arrest and binding over of the defendant to appear before the circuit court. It follows, therefore, that the appearance bond in bastardy has, in respect to the stated point, the same effect as a bond for appearance in a criminal case, which is, that the accused shall appear at the next term of the circuit court and "there remain from day to day and term to term until discharged by law." Sections 1245, 1252, 1253, Code 1930.

Appellant next contends that the appearance bond cannot be converted into a bond for the payment of the judgment or for credit thereon, but that the bond to pay the judgment is another and a new bond under section 191, Code 1930. The appearance bond is not discharged except by (1) a verdict in favor of the defendant, or the equivalent thereof, or (2) the execution of a new bond under section 191, Code 1930, unless after trial such new bond be expressly dispensed with by the court, or (3) the actual delivery of the defendant into jail in default of the new bond. But when the defendant absents himself so that the new bond cannot be effectively required of or secured from him, there is nothing left to the court, so far as any bond is concerned, but to enforce the appearance bond then remaining in full effect, and to apply it towards the consummation of the general or ultimate purpose for which it was taken.

We are therefore of the opinion that the trial court was correct in making the judgment final against appellant surety.

Affirmed.