BOYKIN *et al. v.* WEST.

(Division A.   Nov. 28, 1938.)

[184 So. 624.   No. 33409.]

**A. B. Case**, of Waynesboro, for appellants.

Quitman Ross, of Laurel, and L. K. Saul, of Ellisville, for appellee.

Argued orally by **A. B. Case**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

This is an appeal by the sureties from a judgment made final against them in the circuit court on an appearance bond in the sum of $500, payable to the State of Mississippi, in a bastardy proceedings originally instituted in a court of the justice of the peace.

On January 5, 1937, Mavis West filed an affidavit against Omer Walters, charging him with being the fa-

ther of her bastard child before a justice of the peace of Jones County. On January 7, the justice of the peace issued a warrant for Omer Walters addressed to the sheriff of Clarke County. The sheriff promptly arrested Walters, as shown by his return, and accepted from him a bond in the penal sum of $500, with Boykin and Ellis as sureties thereon, conditioned for his appearance before the justice of the peace of Jones County, on January 15, 1937, for a hearing of the charge. On that date, the justice of the peace continued the case until a later day. Walters did not appear. The justice of the peace proceeded on that day to have Walters and the sureties on his bond called and made a certificate to the circuit court that the bond had been defaulted in his court, and also proceeded to find by a judgment that there was probable cause for the charge of bastardy and transmitted the papers, including the appearance bond and certificate, to the circuit court.

In the latter court, neither Walters nor his sureties appeared and the circuit court entered a judgment nisi against Walters and the sureties on the bond, and directed process for them to show cause why the judgment nisi should not be made final. On the return day of that process, they appeared and resisted the entry of the final judgment by an extensive pleading, the material part of which will appear later.

The circuit court also, upon the bastardy proceedings, impaneled a jury and submitted the issue of bastardy; and the jury returned a verdict for $8.50 a month until the child was eighteen years of age.

There is no appeal by Walters from either of the judgments against him; the appeal being prosecuted here only by the two sureties on the appearance bond returned by the sheriff to the court of the justice of the peace.

The contention broadly stated of the sureties on the bond was in the court below and is here that the appearance bond in question taken by the sheriff upon his ar-

rest of Walters and returned with a warrant was void, that the sheriff was without authority to accept bail for a defendant arrested in bastardy proceedings, and that until Walters appeared in the court of the justice of the peace, that court was without jurisdiction to proceed in the cause. Section 179, Code of 1930, set forth proceedings before the justice of the peace in bastardy cases, and, among other things, provides that upon the complaint being filed by the woman, ''the justice shall issue a warrant for the person accused and cause him to be brought before such justice forthwith.''

It is quite well settled that such bastardy action is in its nature both civil and criminal. The issuance of a warrant by the justice of the peace, and the arrest by the officer are in the nature of criminal proceedings. See Welford v. Havard, 127 Miss. 88, 89 So. 812; 10 C. J. S., Bastards, pp. 159, 160, sec. 65; Boggan v. Davis, 171 Miss. 307, 157 So. 904.

The authority of the arresting officer as to taking bail bond for the accused is found in Section 2100 in which, among other things, it is said, ''It is lawful for any officer having a person in custody by virtue of a warrant of a justice of the peace, in a case in which the justice has a final jurisdiction, to take bond'' etc.

The section further provides that the justice of the peace may, in case of forfeiture, enter a judgment on a bond if it does not exceed $200. When the bond or recognizance exceeds $200, then it becomes the duty of the justice of the peace to certify the forfeiture thereof and return the bond or a copy thereof to the circuit court, where it is authorized to proceed as in other cases of forfeitures of bonds.

The justice of the peace did not have jurisdiction to finally dispose of a bastardy case. If the justice of the peace found that there was probable cause for the charge, then it was his duty to bind the defendant over for his appearance in the circuit court where the trial on the merits is had.

In view of the facts that the jurisdiction of the justice of the peace was confined to Jones County, and the accused in the pending case was to be found in another county, we do not think there was error on the part of the justice of the peace in making the warrant returnable to a certain day not too remote, and under Section 179, which required that the warrant issued by the justice of the peace should be returnable forthwith, the word "forthwith" there must be taken in connection with the situation and circumstances then presented to the justice of the peace.

Counsel for the appellant's sureties rely upon the case of Smith v. State, 86 Miss. 315, 38 So. 319. In that case the accused was charged with a misdemeanor before the justice of the peace. It then became his duty to try and dispose of that charge. Instead of so doing, he required the accused to give a bail bond to await the action of the grand jury on the misdemeanor charge. It was held that the bond given by the accused in pursuance of that judgment of the justice of the peace was void, notwithstanding Section 1394 of the Annotated Code of 1892, now Section 1246 of the Code of 1930. The bond in the Smith Case was one which the justice of the peace had no power or jurisdiction to require in any event under the facts therein disclosed. However, we are of the opinion that in the case at bar Section 1246 makes valid the bond herein questioned. That section is as follows: "Bail—party getting benefit of bond cannot set up its invalidity.—All bonds, recognizances, or acknowledgments of indebtedness, conditioned for the appearance of any party before any court or officer, in any state case or criminal proceeding, which shall have the effect to free such party from jail or legal custody of any sort, shall be valid and bind the party and his sureties, according to the condition of such bond, recognizance, or acknowledgment, whether it was taken by the proper officer or under circumstances authorized by law or not, or whether the officer's return identify it or not." Wal-

ters was in custody of the sheriff. The effect of the bond and the execution of the bond availed to set him free from that legal custody and the party so procuring is released from legal custody of any sort, and the sureties on his bond cannot thereafter deny the validity thereof because the sheriff was required to keep him in custody and deliver his person into the court of the justice of the peace. There was no void judgment in the case at bar requiring Walters to execute the appearance bond. The sheriff erroneously conceived the idea that accused was entitled to bail and accepted the bond and returned it to the court. Its effect was to release the appellant from the legal custody at that time and it was binding.

We have not noticed the proceedings in the bastardy case proper for the reason that the sureties cannot complain of the procedure therein and we do not understand that they have undertaken so to do. We have only decided in this case that the bond for appearance of Walters thereof erroneously accepted by the sheriff procured the release of the accused and the justice of the peace court had jurisdiction to take a forfeiture thereon for that reason and so certify to the circuit court for its final judgment thereon as required by Section 2100, the bond being in excess of $200, and being valid and binding as having obtained a release of the accused the circuit court had the power to proceed to enter judgment against the principal and the sureties.

The bond at most was irregular, but not void under the statute.

Affirmed.