## Hull *v.* Jackson.

No. 41510 May 30, 1960 121 So. 2d 4

*Lyon, Davis & Cook,* Indianola, for appellant.

*P. J. Townsend, Jr.,* Drew, for appellee.

McGEHEE, C. J.

On the twelfth day of May, 1957, the appellee, Shirley Jackson, an unmarried woman, became the mother of a child, Bonita Jackson, now living, and on the eighteenth day of August, 1959, she brought this proceeding against the appellant, James Hull, to require him to support the said child. On that date the child was twenty seven months and seven days old. Whereas Sec. 393, Miss. Code of 1942 reads as follows: "Proceedings under this chapter shall not be instituted by the mother after the child is twelve months old, *unless the defendant be absent from the state so that process cannot be served on him.*" (Emphasis supplied.) Both the appellee, Shirley Jackson, and the appellant, James Hull, are adult members of the Negro race.

The appellant made scarcely more than a token defense on the issue of whether or not he was the father of the child, and the jury, after hearing all of the testimony, awarded a judgment in favor of the appellee for the sum of $500 for the support and expense incurred to the time of the rendition of the judgment and the sum of $50 per month until the child shall have reached the age of eighteen years, and James Hull, the defendant, has prosecuted this appeal.

This proceeding is a quasi criminal proceeding and was commenced before a justice of the peace on the said eighteenth day of August, 1959 by affidavit of the appellee, pursuant to which a warrant was issued and executed for the arrest of James Hull, and he was required to enter into bond with sufficient sureties in the sum of $500 for his appearance at the next term of the circuit court in Sunflower County, Mississippi.

The proof disclosed that the appellant and the appellee had several dates during the months of July and August, 1956 and that in September, 1956 he enrolled

as a student in the Meharry Medical School, Nashville, Tennessee; that upon leaving his home in Indianola, Sunflower County, Mississippi, where he had been residing with his parents, the appellant carried the appellee with him as far as Memphis, Tennessee, where she was examined by a doctor and from which place she returned to home in Sunflower County.

Thereafter the appellant returned from the Meharry Medical School in May or June of 1957 and remained in Sunflower County until September 15, 1957 before returning to Nashville to reenter the said medical school.

During the twenty seven months and seven days which intervened between the date of the birth of the child and the institution of this proceeding, the appellant and the appellee corresponded with each other and he contributed approximately $300 to her from time to time for support of the said child, Bonita Jackson, and in some of his letters he referred to her as ''our child''.

As to the failure of the appellee to institute this proceeding within twelve months after the birth of the child, it should be observed that the proof shows, without dispute, that the appellant was absent from the State of Mississippi a total of eighteen months out of the twenty seven months and seven days which intervened between the birth of the child and the institution of this proceeding; that while he was not residing out of the state in the strict sense of that term, he was, without question, absent from the state at all times except for a period of nine months and seven days between the date of the birth of the child and the institution of this proceeding.

The appellant was born and reared in Indianola in Sunflower County, Mississippi and all the facts and circumstances strongly indicate that he intended to return permanently to Indianola, Mississippi when he completed his medical course at the Meharry Medical College in Nashville, Tennessee.

In fact at the time of the institution of this proceeding, he owned one hundred acres of Delta farm land and

some residential property in the City of Indianola and he spent the usual vacation periods there, such as Thanksgiving, Christmas and spring holidays and the vacation time from early June until middle September of each year.

In Chapter 24, Article 6, page 216, Code of 1857, it was provided: "No proceedings under this act shall be instituted after the child is twelve months old." This same provision, without any change in or addition thereto appeared in Chapter 25, Section 1807 of the Code of 1871; again as Chapter 48, Section 1287 of the Code of 1880; and in the Code of 1892, Chapter 15, Section 259 the statute was amended so as to read as follows: "Proceedings under this chapter shall not be instituted by the mother after the child is twelve months old, unless the defendant be absent from the state so that process cannot be served on him." The act as thus written was thereafter carried forward as Section 278, Code of 1906; Section 227, Hemingway's Code of 1917; Section 189, Code of 1930; and it now appears in the same language as Section 393, Code of 1942. This statute was set up as a plea in bar to this suit first before the justice of the peace and secondly in the answer of the defendant to the declaration filed by the appellee in the circuit court.

Thus when the case of Ingraham v. Bowie, 33 Miss. 17, relied upon by the appellant herein, was decided in 1857 the court was construing a different statute, as set forth in paragraph three of the opinion therein, and the particular statute here in question, Chapter 24, Article 6, Code of 1857, did not contain the words "unless the defendant be absent from the state so that process cannot be served on him."

For eighteen months of the time intervening between May 12, 1957 and the commencement of this proceeding there were only nine months and seven days in which the kind of process required in this case could have been obtained. The appellee was entitled to one full year of actual presence of the appellant in this state in which

to bring her action following the birth of the child on May 12, 1957.

 ██ We are of the opinion that during the remaining eighteen months no legal process could have been obtained on the defendant while he was absent from the state, since the process required for the commencement of a proceeding of this nature had to be by a warrant and the arrest of the defendant, which means personal process. If this were a civil proceeding, the summons could have been served by publication or any of the other methods provided by law but no personal judgment could have been obtained against the defendant except by personal service of process, and such service of process could not have been had while he was in Nashville, Tennessee.

In the case of Welford v. Havard, 127 Miss. 88, 89 So. 812, decided in 1921, the Court said: "In some of its aspects our bastard statute partakes of the nature of criminal proceeding; in others, of the nature of a Civil proceeding. The features of the statute which partake of the criminal nature are that the first process served in the cause is a warrant upon which the accused is arrested and the statute authorizes the Justice of the Peace before whom the initial proceeding is begun, if justified by the evidence, to bind the accused in bond with sureties in the amount of not less than $500.00 to appear at the next term of the Circuit Court to answer the complaint of the Plaintiff. And it is provided that the Circuit Court may compel the appearance of the defendant and enforce such bond so required by the Justice of the Peace, or require the execution by the accused of an appearance bond, if none has been given, and that upon trial in the Circuit Court if the jury shall return a verdict for the Plaintiff they may direct that the same be paid annually or otherwise for a period not exceeding eighteen years, and the Court shall render judgment accordingly; that the Board of Supervisors of the County under certain conditions are authorized to institute proceedings

and the Court shall in such case direct in the judgment that the defendant give security for its payment, and in default thereof, be committed to jail and dealt with as convicts of misdemeanors until the bond and security shall be given. And a like judgment is authorized in the discretion of the Court, where the proceeding is prosecuted either by the mother or child; and that the Circuit Court or Judge thereof in vacation may order the father to jail for a failure to comply with the requirement of the judgment.''

■■■ It is true that after the proceeding reaches the circuit court for trial it may be proceeded with as a civil proceeding in that the defendant may be introduced as an adverse witness, a nine-juror verdict may be rendered and the burden of proof has to be met only by a preponderance of the evidence. But as hereinbefore stated, there is no way to get the defendant in court for the recovery of a judgment against him except that the case be commenced by affidavit and a warrant for the arrest of the defendant. Therefore the appellee could not have obtained such process on the defendant while he was a student and staying at Nashville, Tennessee.

In 7 Am. Jur., Sec. 90, page 686, it is said: ''The initial process in a bastard proceeding may be a summons, but it is often a warrant upon which the defendant is arrested. A notice by publication is insufficient to give the Court jurisdiction where the kind of process which a statute requires is a warrant or capias; and it follows that personal judgment rendered against a defendant in a bastardy proceeding, without his having been arrested or taken into custody, and upon whom no process was served except unauthorized notice by publication, is void.'' We think that Sec. 393, Code of 1942, which is the particular statute governing the limitation of action in this sort of case is clear and unambiguous in providing that ''Proceedings under this chapter shall not be instituted by the mother after the child is twelve months old, *unless the defendant is absent from the state*

*so that process cannot be served on him.''* (Emphasis supplied.) ■■■ The defendant was absent from this state for eighteen months of the twenty seven months and seven days intervening between the birth of the child on May 12, 1957 and the institution of this proceeding on August 18, 1959. The trial court was, therefore, correct in overruling the appellant's plea in bar of this statute of limitation and we think that the verdict and judgment of the trial court should be and the same is hereby affirmed.

Affirmed.

*Hall, Lee, Kyle* and *Gillespie, JJ.,* concur.