## MORGAN v. THOMPSON

No. 42088        December 11, 1961        135 So. 2d 854

*Betty Thompson,* Arlington, Va.; *Harmon W. Broom,* Jackson, for appellant.

*George P. Hewes, III, Brunini, Everette, Grantham & Quin,* Jackson, for appellee.

JONES, J.

Miss Morgan appeals from an order of the Circuit Court of the First Judicial District of Hinds County, Mississippi, sustaining a plea in bar based upon Section 393 of the Mississippi Code of 1942. Chapter 1 of Title 4 of the Mississippi Code of 1942 is our chapter on bastardy proceedings.

Section 383 of the Code provides for the proceedings to be begun by the making of an affidavit by the woman involved against the alleged father, this affidavit to be made before any justice of the peace of the county where she may be so delivered, or of the county in which she or the reputed father may reside. The defendant is then

brought by warrant before the justice of the peace and if the justice think there be probable couse for a complaint, he shall bind the accused in a bond to appear at the next term of circuit court to answer the complaint. And in default of bond he máy commit the accused.

The succeeding sections deal with the procedure subsequent to the hearing before the justice of the peace, and Section 393 provides: ''Proceedings under this chapter shall not be instituted by the mother after the child is twelve months old, unless the defendant be absent from the state so that process cannot be served on him.''

The facts show that the defendant was in the United States Marine Corps in 1952. The plaintiff was then living in Washington, D. C. They met and it is alleged by the plaintiff in the complaint filed in the circuit court, after requirement that the defendant give bond, that she conceived as a result of intercourse with the defendant during the month of March 1952, and her child was born in December 1952. He was transferred from Quantico, Virginia, to various points in the United States and foreign service until finally, after his discharge, he came to the home of his parents at Cleveland, Mississippi. He resided with them for a short while, then went to Florida to study decorating, and in 1955 he came to the City of Jackson, Hinds County, Mississippi, where he has continuously resided. The plaintiff knew that his home town was Cleveland, Mississippi, and communicated with his parents by telephone and also by letter, but claimed she could secure no information as to his whereabouts until August 1958 when she went to the telephone office in Washington, examined a telephone directory of the City of Jackson, Mississippi, and found his name and address. A letter was written by her attorney to the defendant on August 13, 1958, making demand, and her attorney also communicated with the defendant's attorneys in the City of Jackson,

who, on February 3, 1959, wrote the plaintiff's attorney in Virginia, stating that he had been in communication with defendant, that defendant denied paternity, and if a suit were filed he would plead the limitation of Section 393. Even after this letter, proceedings were not begun before the justice of the peace until March 31, 1960.

There the defendant pleaded said Section 393 in bar, but was overruled by the justice of the peace. When the declaration was filed in the circuit court, the defendant again by plea in bar raised the question as to said Section 393. The circuit judge sustained that plea.

██ █ The appellant says that because the child is still a minor, no statute of limitation runs against him. However, this is purely a statutory action giving the right of action to the mother, and Section 393 is clear that the complaint must be made by the mother within twelve months after the birth of the child.

██ █ Appellant also contends that inasmuch as the child was conceived in the District of Columbia the statute of such District covering similar actions should control. The District has an act which requires the cause of action be instituted after four months of pregnancy or within two years after the birth of the child, with a provision that the time during which the defendant shall be absent from that jurisdiction shall be excluded from computation of the time within which the complaint may be filed. They argue that since the defendant has not been in the District of Columbia, no statute has run. One State's statute of this kind will not be enforced in another State. See Restatement of the Law of Conflicts, Chapter 10, Section 454. The statutes of Mississippi provide for these actions and when suit is filed here, it must be tried according to the laws of this State. Except for our own statute, no bastardy action would lie here at any time.

In Hull v. Jackson, 121 So. 2d 4, an interpretation of Section 393 was involved. This opinion gives a history of this particular section. It was shown there that the defendant had been within the State less than twelve months after the birth of the child and prior to the institution of the proceedings. The child was 27 months old at the time of the institution of the proceedings. This Court said: "The appellee was entitled to one full year of actual presence of the appellant in this state in which to bring her action following the birth of the child on May 2, 1957." That is what the statute gives and no more.

In the instant case, it is shown without dispute that the defendant has been in Jackson, Mississippi, continuously since sometime in 1955, about five years prior to the institution of the proceedings. If the disposition of the case is dependent upon appellant's knowledge of his presence here, the lower court was justified in holding that she had such knowledge for more than twelve months before the commencement of the proceedings.

Affirmed.

*Arrington, Ethridge, McElroy* and *Rodgers, JJ.,* concur.