FINLEY *v.* ROWELL

No. 42213 March 12, 1962 138 So. 2d 489

*Pittman, King & Pittman,* Hattiesburg, for appellant.

458

*Humphrey Moynihan,* Laurel, for appellee.

Kyle, J.

This is a bastardy proceeding by the mother of an illegitimate child against the alleged father. The case was tried at the regular February 1961 term of the court. There was a verdict for the plaintiff, for "damages for support of the child against the father at $25 monthly"; and on that verdict the court entered a judgment "that the plaintiff * * * do have and recover of and from the defendant * * * a judgment in the sum of $25 per month, together with interest on matured month-

ly payments at 6% per annum from the date of October 28, 1960, until paid * * * said sum to be paid monthly for the support of the minor child * * * ,the payment of which to continue until the said child reaches her eighteenth birthday * * *.'' From that judgment the appellant has prosecuted this appeal.

The appellant's attorneys have assigned and argued several points as grounds for the reversal of the judgment of the lower court.

It is first argued that the court erred in overruling a motion filed by the appellant on March 2, 1961, for a continuance of the cause until the next succeeding term of the court. But we think there is no merit in that contention.

The record shows that a statutory affidavit was filed by the mother of the child in the justice of the peace court during the month of March 1960, charging that the appellant was the father of a bastard child with which the appellant was then pregnant; that the defendant was brought before the justice of the peace and testimony of the plaintiff was taken; and that the defendant was bound over to appear before the next term of the circuit court to be held on the fourth Monday of July 1960. No action was taken at the July term of the court for the reason that the court was informed that the child had not been born; and the case was continued until the November term of the court. The child was born on October 28, 1960, but the case was not tried at the November term of the court; and an order was entered continuing the case until the February 1961 term of the court, which convened on February 27, 1961. On the opening day of that term the court sounded the docket and set the case for trial on March 2. The motion for a continuance was filed on March 2, and in overruling the motion the trial judge stated his reasons therefor as follows: That the defendant's counsel had agreed by letter that the case might

be set for trial on March 2, and the attorneys for the respective parties had caused subpoenas to be issued for witnesses returnable on that date; that no declaration had been filed on the opening day of the term, but all of the papers had been transmitted from the justice of the peace court to the circuit court; and that the plaintiff had filed her declaration on March 2, in which she had set forth substantially the same facts as to the intercourse and pregnancy as she had testified to in the justice of the peace court. In view of the facts stated the trial judge was of the opinion that the appellant should have time to traverse the declaration, but the case should not be continued until the next term. The court therefore granted a continuance of one day to give the parties time to prepare their papers, and the case was set for trial on the next succeeding day of the February term of the court. It is argued on behalf of the appellant that the court erred in putting the appellant to trial on such short notice after the declaration was filed. But we think the trial judge did not abuse his discretion in refusing to grant the appellant's request for a continuance of the cause until the next succeeding term of the court; and there is no evidence in the record to indicate that the appellant was prejudiced by the court's failure to grant such continuance.

■■ It is next argued that the court erred in permitting the appellee to testify that she had sexual intercourse with the defendant on dates other than the date charged in her complaint. But no objection was made to that part of the witness's testimony, and no motion was made to strike the part of the witness's answer in which she stated that she had had sexual intercourse with the appellant "about three times."

■■ It is next argued that the court erred in permitting the appellee to make profert of the child before the jury. But this Court has held in several cases that

the action of the trial court in permitting profert of the child to be made to the jury is not reversible error. See Smith v. Hawkins, 93 Miss. 588, 47 So. 429; Welford v. Havard, 127 Miss. 88, 89 So. 812.

 █ It is next argued that the court erred in overruling the defendant's motions for a directed verdict at the conclusion of the plaintiff's evidence and at the conclusion of all of the evidence. But there was no error in the court's actions in overruling each of those motions. There was a direct conflict in the testimony of the plaintiff and her witnesses and the testimony of the defendant and his witnesses, and the issue of fact thus presented was properly left for the jury to decide. It is next argued that the court erred in refusing to grant five instructions requested by the appellant. But each of those instructions was properly refused.

 █ Finally, it is argued that the court erred in granting the appellee's instruction which appears on page 19 of the record, and in granting the appellee's instruction which appears on page 21 of the record. We think the court erred in granting each of the two instructions complained of. In the instruction which appears on page 19 of the record the court instructed the jury that, if they believed from a preponderance of the evidence that the defendant was the father of the child in question, it was their duty to find for the plaintiff ''and award such damages or support as you shall from the evidence believe proper, and such as will reasonably guarantee a proper support and education for said child until it arrives at the age of eighteen years, and this awarded in one lump sum, or payable monthly, quarterly or annually.''

In the instruction which appears on page 21, the court instructs the jury for the plaintiff that if they should find for the plaintiff that the defendant was the father of the child, the form of their verdict should be, '' 'We, the jury find for the plaintiff and assess damages for

the support of the child against the father at $————
monthly or $———— annually,' whichever you think
should be made.''

The two instructions are erroneous for the reason that
neither of the instructions conforms to the provisions
of the statute, Section 392, Code of 1942, which provides
that, ''If the jury shall find for the complainant, it
may assess such damages as it may think proper in
her favor, or in favor of the child if the mother be dead,
and may direct the same to be paid annually or other-
wise for any term of years not exceeding eighteen, and
the court shall render judgment accordingly * * *.''

■■ ■ From a reading of the statute, it can be readily
seen that it was the function of the jury to assess the
damages and direct the manner in which the same should
be paid, whether annually or otherwise, for a term of
years not exceeding eighteen; and it was the duty of
the court to render judgment accordingly. The jury
by its verdict directed that the damages be paid in
monthly installments of $25 each, but the jury did not
determine the number of years for which such monthly
payments should be made. It seems clear from the
language of the statute that it was the intention of the
Legislature to provide that the jury, and not the court,
should determine the number of years during which such
installment payments should be made. The form of the
verdict which the jury returned failed to conform to
the requirements of the statute; and the court was not
authorized to supply the omission by directing that the
payment should continue until the child reached her
eighteenth birthday.

For the reasons stated above the judgment of the
lower court will be affirmed as to liability, but reversed
insofar as it adjudges the amount of damages to be
recovered and the manner of payment thereof, and the
cause will be remanded for a new trial for the assess-
ment of damages and a proper determination by the

jury of the manner in which the same shall be paid and for what length of time, not to exceed eighteen years.

Affirmed as to liability, and reversed and remanded for a new trial on the issue of damages only.

*McGehee, C. J.,* and *Gillespie, Rodgers* and *Jones, JJ.,* concur.