GILLESPIE, Presiding Justice.
Appellee, an attorney at law, represented Shirley Jackson on a contingent fee basis in a bastardy proceeding through the justice of the peace court and circuit court where a judgment was entered against James Hull in favor of Shirley Jackson for the support and maintenance of the illegitimate child in the sum of $500, plus $50 per month until the child reaches the age of eighteen years. Appellee also represented Shirley Jackson on appeal to this Court, where the judgment of the circuit court was affirmed. Hull v. Jackson, 238 Miss. 870, 121 So.2d 4 (1960). After the judgment was affirmed in this Court, Shirley Jackson assigned ap-pellee a one-half interest in said judgment for legal services. James Hull was given notice of the assignment, and the assignment was noted on the judgment roll. Pursuant thereto, James Hull made payments by check, payable to appellee and Shirley Jackson through March 1963. Thereafter, over the protest of appellee, payment was made direct to Shirley Jackson, who is now a resident of Maryland, and appellee received no part of the payments made after-February 7, 1963. Appellee filed suit against James Hull in chancery court by attaching certain lands he owned in Sunflower County. The chancery court entered a decree against James Hull in favor of ap-pellee for $675, being one-half of the payment made by Hull direct to Shirley Jackson. James Hull appealed.
Appellant contends that the chancery court should have sustained his demurrer because appellee had a complete and adequate remedy at law. This contention is without merit: (1) because the attachment feature of the case gave the chancery court jurisdiction; (2) because a. suit by the assignee of a part of a debt or fund is one for equity jurisdiction. Hutchinson v. Simon, 57 Miss. 628 (1880). See also Annotation, 80 A.L.R. 414 (1932); and (3) because Mississippi Constitution of 1890, Article 6, Section 147, provides that no judgment or decree rendered by any chancery or circuit court shall be reversed on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction.
It is also contended that the demurrer should have been sustained because Shirley Jackson was a necessary party to the action. The objection of non-joinder may be made by .demurrer when the absence of a necessary party appears on the face of the bill. Griffith, Miss. Chancery Practice § 147 (2d ed. 1950).
*480 The general rale is that where there has been a partial assignment leaving the assignor owner of a part of the claim, an assignee, in bringing suit, should join either as complainants or defendants all the parties in interest, so that the entire matter may he settled at one time, and a single decree may determine the duty to each claimant, and protect the rights and interests of each party in interest. 6 Am.Jur.2d Assignments § 133 (1963). This general rale is consistent with a fundamental principle which pervades all equity jurisprudence, that when equity takes jurisdiction of a matter for one purpose it will administer complete relief as to every portion or feature of the controversy, and, so far as practicable, quiet the whole of the issues. Griffith, Miss. Chancery Practice §§ 101, 102 (2d ed. 1950). The case of Hutchinson v. Simon, supra recognized the rule that the assignee of a portion of a particular debt or fund cannot in an action at law enforce his part of the claim against the debtor without the debtor’s consent, but that equity will entertain a bill of complaint by such assignee of a portion of the claim because all parties can be brought before the court, and there is no possibility that the assignor would deny the validity of the assignment in a subsequent suit by the assignor for the whole debt or fund.
It appears that if the decree in this case were affirmed, it would leave unresolved several potential controversies between Shirley Jackson and appellant. She may contest the validity of the assignment, and appellant may contend that he should be relieved of any further payments until monthly accruals equal the amount of the decree. Moreover, a careful reading of Mississippi Code Annotated sections 383-398 (1956), being the chapter on Bastardy,[1] indicates that its main purposes are to provide support and education for bastard children, to prevent such children from becoming public charges, and to provide the mother assistance in discharging her duty to support and educate such children. This is a matter over which the Constitution grants general jurisdiction to the chancery courts. Miss.Const, of 1890, art. 6, § 159. Therefore, the reasonableness of the attorney’s fee in this case would be a matter for the sound discretion of the chancellor, should such question be properly raised.
We are therefore of the opinion that the demurrer should have been sustained for non-joinder of Shirley Jackson (Odom). The decree is reversed and remanded so that appellee may have an opportunity to amend his bill of complaint.
Reversed and remanded.
JONES, BRADY, PATTERSON, and INZER, JJ., concur.

. These statutes have been repealed, and a modern statute enacted. Chapter 312, Taws of 1962.